OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Paragraph fifth of a separation agreement, prepared by defendant’s counsel and executed by the parties on July 1, 1969, provides for the periodic payment of various sums by the husband to the wife for her “support and maintenance” until she “dies or remarries”. In addition to the monthly installments required to be paid pursuant to subparagraphs (a) and (b), subparagraph (c) calls for the payment of $500 on December 31, 1969 and “on December 31, 1970 the sum of $1,000.00; and on each and every December 31st thereafter, a like sum of $1,000.00.” Subparagraph (g) provides that: “In addition to the foregoing payments, the wife shall receive an additional sum representing a cost of living increase based upon the U.S. *967 Department of Labor Bureau of Labor Statistics Consumer Price Index for Urban Wage Earners and Clerical Workers, above the base figure, as set forth in said Statistics for the year 1969.”
The trial court found that, despite an 11-year period during which the husband made no payments of a cost of living increase on the annual payments of $1,000 under subparagraph (c) the foregoing language obligated him to pay a cost of living increase on those annual payments, as well as on the monthly installments called for under subparagraphs (a) and (b). A divided Appellate Division affirmed, the majority finding that the language was unambiguous and that such ambiguity as may exist should be resolved against the defendant. We agree.
In adjudicating the rights of parties to a contract, courts may not fashion a new contract under the guise of contract construction (Marlee Sales Corp. v Manufacturers Trust Co., 9 NY2d 16); rather, they are required to discern the intent of the parties, “ ‘to the extent that [the parties] evidenced what they intended by what they wrote’ ” (Laba v Carey, 29 NY2d 302, 308). Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (10 NY Jur, Contracts, § 193; Hall & Co. v Orient Overseas Assoc., 65 AD2d 424, affd 48 NY2d 958). The language “[i]n addition to the foregoing payments”, following as it does, without limitation, the enumeration of the various payments the defendant obligated himself to make, clearly evinces an intent to subject all of the enumerated payments to the cost of living increase. There is no need here to examine the conduct of the parties over the intervening years to ascertain their intent in respect to the application of the cost of living increase. Such an inquiry might be appropriate in the instance of an ambiguity or where the contract is of “doubtful meaning” (City of New York v New York City Ry. Co., 193 NY 543) or where there is claimed “waiver”, none of which is present in this case. Moreover, the contract provided that modifications required a writing, and that mere failure to assert a right would not constitute a waiver.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed, with costs, in a memorandum.