■ ROSE SANDLER, Respondent-Appellant, v HERMAN L. FISHMAN et al., Appellants-Respondents, et al., Defendants.— In an action to impose a constructive trust upon the assets of a partnership, (1) the defendants Herman L. Fishman and James Milne appeal, as limited by their brief, from stated portions of an order and judgment (one paper), of the Supreme Court, Westchester County (DiFede, J.H.O.), entered January 22, 1988, which, *inter alia,* awarded the plaintiff one third of the partnership interest of M & F Associates in certain real property in Elmsford, in Westchester County, and the plaintiff cross-appeals from so much of the same order and judgment as directed her to pay one third of the capital contributions, bond amortization, and expenses incurred and paid in acquiring that property, and (2) the defendants further appeal, as limited by their brief, from so much of an amended supplemental order and judgment (one paper) of the Supreme Court, Westchester County (DiFede, J.H.O.), dated April 6, 1989, as denied, in part, their application for counsel, transaction, and management fees, and the plaintiff cross-appeals, as limited by her brief, from stated portions of that same amended and supplemental order and judgment which, *inter alia,* (a) directed her to pay one third of the defendants' capital contributions, bond amortization payments, expenses, and management fees on the Westchester property, (b) directed her to provide security for a letter of credit, (c) directed her to maintain a personal net worth of $1,500,000 in liquid assets so long as she remained a partner in M & F Associates, and (d) failed to direct the defendants to distribute assets remaining in the C. B. Associates partnership.

Ordered that the order and judgment entered January 22,

1988, and the amended supplemental order and judgment dated April 6, 1989, are affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.

The parties to this appeal and cross appeal entered into a partnership called C. B. Associates by virtue of a written partnership agreement dated December 1, 1974, and an "amendatory agreement" dated January 15, 1979. The 1974 agreement states that C. B. Associates was formed to engage in the business of owning, managing, and operating, a building located on East 73rd Street in Manhattan. The 1979 amendment states, that if leases in the East 73rd Street building are issued to a corporation in which one or more of the partners in C. B. Associates owns 50% of the voting stock, then any appraisal would be based upon the tenancy, without regard to the lease value of the premises in the marketplace. From 1974 through December 1986 a corporation known as Commons Brothers was a tenant in the East 73rd Street building. The appellants-respondents collectively owned 50% of Commons Brothers stock while the plaintiffs' two sons together owned a 25% interest.

On or about September 1984 the appellants-respondents secretly diverted $110,000 of C. B. Associates partnership funds, which they subsequently denominated as loan which was repaid. These funds were used by the appellants-respondents to form a new partnership called M & F Associates, from which the plaintiff was excluded. Through M & F Associates, the appellants-respondents acquired property in Westchester, and they renovated and constructed a building on that property which they originally leased to Commons Brothers. The East 73rd Street property was subsequently sold.

We find that the Supreme Court properly admitted parol evidence of the parties' intent and conduct to clarify the objective of the C. B. Associates partnership agreement and the purposes of the parties in entering into that agreement (see, Slatt v Slatt, 64 NY2d 966, 967; Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555; Posh Pillows v Hawes, 138 AD2d 472, 473; Reape v New York News, 122 AD2d 29, 30; New York Bank for Sav. v Cortlandt St., 106 AD2d 496, 498). The evidence clearly reveals that the East 73rd Street building was purchased and intended to be refurbished by the parties to provide leased space to the entity Commons Brothers, and that the plaintiff became a partner and arranged $100,000 in loans to C. B. Associates based upon this understanding.

The Supreme Court also properly determined that the appellants-respondents' secret formation of M & F Associates,

and their secret use of $110,000 of partnership funds to provide leased space to Commons Brothers in Westchester constituted a breach of their duties as partners and effective managing partners of C. B. Associates, and that these actions deprived the plaintiff of a partnership opportunity (see, Partnership Law §§ 42, 43, 51 [2] [a]; *Birnbaum v Birnbaum,* 73 NY2d 461, 465; *Meinhard v Salmon,* 249 NY 458, 464; *Mitchell v Reed,* 61 NY 123, 129; *Matter of Lester,* 87 Misc 2d 717, 723; *Lavin v Ehrlich,* 80 Misc 2d 247, 248-249). As a result, a constructive trust was properly imposed on behalf of the plaintiff to the extent of a one-third interest in M & F Associates (see, *Simonds v Simonds,* 45 NY2d 233, 241; *Sharp v Kosmalski,* 40 NY2d 119, 121).

We find that the remaining determinations under review were in all respects proper. The parties' remaining contentions are without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.