■ AFFIRMATIVE PIPE CLEANING, INC./EDENWALD CONTRACTING CO., INC., a Joint Venture, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New

York County (Edward Lehner, J.), entered on January 19, 1989, which granted defendants', City of New York and New York City Department of Environmental Protection, motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), (7) and (c), unanimously affirmed without costs.

Plaintiff, the successful bidder on a city contract let by the New York City Department of Environmental Protection "for furnishing all labor and materials * * * for the sewer dragging, television inspection and videotape recording of all sewers" within the City of New York commenced the underlying action after defendants' termination of the contract, seeking to recover $555,276.42 for expenses and lost profits allegedly incurred by the plaintiff prior to cancellation of the contract.

Upon review of the record, we find that the IAS court properly determined that, upon the defendants' termination of the parties' contract, the plaintiff was not entitled to recover lost profits and overhead expenses allegedly incurred prior to the effective date of termination where the parties explicitly provided that the contract could be canceled by the defendants at any time and that, if it were so canceled, the defendants would pay only for sewers successfully cleaned or inspected on a per-linear-foot basis.

Thus, as the IAS court correctly noted, to interpret the parties' agreement to provide for payment, upon termination, of lost profits and overhead expenses incurred would be improperly rewriting the contract under the guise of contract construction in contravention of the intention of the parties to limit recovery to services actually performed, as clearly and unambiguously set forth in the contract language. (*Slatt v Slatt,* 64 NY2d 966; *West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535.) Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.