■ In the Matter of the Estate of SAMUEL SCHNEIDER, Deceased. MARVIN SCHNEIDER, as Executor of SAMUEL SCHNEIDER, Deceased, Respondent; JEAN KOTCHER, Appellant. —In a proceeding to settle the account of the executor of the decedent's estate, the objectant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Kings County (Bloom, S.), dated July 21, 1989, as, after a nonjury trial, dismissed certain of her objections to the final account.

Ordered that the decree is modified, on the law and the facts, by (1) deleting the first decretal paragraph thereof and

substituting therefor a provision sustaining the objections numbered 10, 11, 12 and 14, filed by the objectant to the amended final account of the executor, (2) deleting from the third decretal paragraph thereof, all provisions after the words "A summary statement of the account of Marvin Schneider", and (3) deleting the fourth, fifth and sixth decretal paragraphs thereof; as so modified, the decree is affirmed insofar as appealed from, with costs to the appellant payable by the estate, and the matter is remitted to the Surrogate's Court, Kings County, for further proceedings in accordance herewith.

Marvin Schneider is the executor of the estate of his father, Samuel Schneider. According to the terms of Samuel Schneider's will, Marvin Schneider was to receive a specific bequest of corporate stock, valued at approximately $144,000.

The remainder of the estate, valued at approximately $673,000, was to be equally divided between Marvin Schneider and his sister, the appellant Jean Kotcher. Kotcher, however, filed several objections to the probate of the will. Prior to the trial of her objections, a stipulation was entered into in open court whereby, in consideration of Marvin Schneider paying her $75,000, she agreed to withdraw her objections to the probate of the will. Subsequently, an amended final account was filed by Marvin Schneider. Kotcher objected to this amended account on the ground, *inter alia,* that it credited the estate with paying the $75,000 settlement. This had the effect of increasing her pro rata share of the estate taxes. After a nonjury trial on this issue, the Surrogate's Court concluded that the stipulation of settlement required the $75,000 to be paid by the estate and not Marvin Schneider personally. We disagree.

The intention of the parties that the settlement was to be paid by Marvin Schneider personally was clearly and unambiguously set forth in the stipulation *(see, Slatt v Slatt,* 64 NY2d 966, 967). The stipulation provided that "Marvin Schneider" was to pay the $75,000, and that the estate was to be thereafter distributed according to the terms of the will. In any event, the evidence adduced at the trial clearly indicated that the parties intended that the $75,000 would be paid by Marvin Schneider personally *(see, Sandler v Fishman,* 157 AD2d 708, 709). The $75,000 was paid by a check from Marvin Schneider's business account, and he testified at the trial that he paid Kotcher "out of [his] own pocket". Thus, the Surrogate's Court improperly concluded that the settlement was to be paid by the estate. The decree has been modified accord-

ingly to sustain Kotcher's objections relating to the $75,000 payment and her pro rata share of the estate taxes, and the matter is remitted to the Surrogate's Court for the recomputation of the amended account with regard to the distribution of the estate, including the allocation of the taxes paid thereon, and the entry of an appropriate amended decree.

As to the appellant's further contention, we find that the Surrogate's Court properly awarded the attorneys for Marvin Schneider, as executor, the sum of $6,000 as additional compensation for the legal services rendered with regard to the accounting proceeding. Those services were not rendered solely on behalf of Marvin Schneider personally. Despite the fact that the trial only concerned the objections filed by the appellant with regard to the $75,000 payment and her pro rata share of the estate taxes, the attorneys were required to prepare to defend and otherwise respond to all of the objections filed until the objections were either withdrawn, settled between the parties, or otherwise determined by the Surrogate's Court. Bracken, J. P., Lawrence, Miller and O'Brien, JJ., concur.