■ WILLIAM S. RUBIN, Respondent, v BERYL S. RUBIN, Appellant. [651 NYS2d 482] —Order, Supreme Court, New York County (David Saxe, J.), entered March 3, 1995, denying defendant's motion to enforce a provision in the parties' separation agreement and for discovery, and granting plaintiff's motion for a protective order with respect to discovery, unanimously modified, on the law, defendant's motion for enforcement granted and discovery granted only to the extent of plaintiff's medical coverage in 1974, and otherwise affirmed, without costs.

At issue on this appeal is a provision in the parties' 1974 separation agreement, which was incorporated but not merged into their 1976 divorce judgment, concerning plaintiff's obligations with respect to defendant's health insurance. The provision reads as follows: "The husband agrees to keep in full force and effect for the benefit of the wife, either such medical insurance as he presently maintains or an alternative equivalent to such medical insurance."

Over the years, in performance of this obligation, plaintiff apparently paid to defendant biannually a sum of money to enable her to secure medical insurance on her own. Defendant, who worked on a freelance basis, had no access to an employer's plan.

Correspondence between the parties, as contained in the record, includes two letters defendant wrote to plaintiff, the first in 1985 and the second in 1988, requesting an increase in these payments to cover the ever-rising cost of insurance. Her letters provided the specifics of her insurance premiums and related expenses. According to defendant, she learned for the first time from plaintiff's response to her 1985 letter that the amount he paid her was based on what his employer paid for his coverage under the employer's group medical plan. Plaintiff's letter acknowledged, however, that the separation

agreement entitled defendant to "coverage" comparable to that of his employer's "coverage" at the time of the agreement, and he wrote that he had "every intention of meeting both the letter and the spirit of the agreement." On both occasions, he increased his payments, but only to the amount he said he was "willing" to pay.

In 1993, due to changes in the availability of certain health plans, defendant obtained new coverage and sent plaintiff and his attorney a copy of the policy. Plaintiff's payments failed to cover the premiums, plaintiff refused to increase his payments further, and this action (the first post-judgment action brought) ensued.

Defendant contends that the language of the provision unambiguously obligates plaintiff to provide "coverage" for her, not to pay her the *cost* of his own insurance, as incurred by his employer. Plaintiff argues that their respective conduct over the years—his payments and her acceptance—has otherwise defined their mutual understanding of the provision, such that defendant cannot now seek to enforce any other interpretation.

We disagree with the IAS Court that this course of conduct precludes defendant from seeking enforcement of the plain meaning of the provision at issue. Defendant correctly argues that the provision speaks of plaintiff's obligation to provide certain "coverage" for her, without any reference to cost. It is clear from the plain language that the parties intended that the husband continue to provide for the wife the same coverage after the marriage ended as he had provided at the time the agreement was executed: it is the level of coverage, not its cost, which is secured for defendant by this language. Where the language of an agreement is unambiguous, as we find it is here, there is no need to look beyond the agreement itself and examine the parties' conduct, as the IAS Court did, in order to give meaning to it (*see, Slatt v Slatt*, 102 AD2d 475, *affd* 64 NY2d 966). We must give effect to the plain meaning of the provision.

Plaintiff's position is that the parties, by unspoken agreement or "accommodation," have interpreted the provision to mean "cost" and that this interpretation, manifested by their conduct, is binding on defendant. However, the agreement specifically requires a waiver or modification to be in writing and formally executed. Regardless of the reason for her failure to pursue enforcement earlier, however, defendant is entitled to seek enforcement now (*Slatt v Slatt, supra*, 64 NY2d, at 967).

With respect to defendant's discovery demand, the final provision of the separation agreement states that the parties are expected to provide one another with "any and all instruments" that may be required to carry out the agreement. Defendant is entitled to the specifics of the coverage in force at the time of the separation agreement. Plaintiff is entitled to a protective order with respect to his coverage subsequent to that time. Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.