■ **Leslie Cornfeld, Respondent, v Michael Urfirer, Appellant.** [741 NYS2d 699] —Order, Supreme Court, New York County (Judith Gische, J.), entered on or about December 5, 2001, which denied defendant's motion for a commission pursuant to CPLR 3108 to take out-of-state nonparty depositions relating to certain assets of plaintiff's family, unanimously affirmed, with costs.

The motion was properly denied on the ground that under the parties' agreement for the distribution of their property, defendant unequivocally waived any claim he had in plaintiff's family's real estate or other holdings (*see, Slatt v Slatt*, 64 NY2d 966, 967). Defendant's claim that he is entitled to the disclosure he seeks to ensure that he received his full accrued share prior to date of the agreement cannot be reconciled with the language of the waiver, which plainly includes any rights that accrued prior to, as well as after, the date of the agreement. Significantly, the definition of marital property subject to equal division does not include property subject to the waiver. Thus, while the parties preserved all rights to disclosure in connection with the equitable distribution of marital property, family assets are not part of the marital estate, and, accordingly, there is no right to disclosure with respect thereto. Concur—Buckley, J.P., Sullivan, Lerner and Friedman, JJ.