■ DIANE CUMMIN, Respondent, v ARCH CUMMIN, Appellant.
[778 NYS2d 11]—

Order, Supreme Court, New York County (Judith Gische, J.), entered April 25, 2003, which, to the extent appealed from, granted plaintiff's motion seeking to enforce the parties' settlement agreement, as modified, to the extent of directing defendant to pay plaintiff's rental expenses, up to $15,000 per month, for the apartment to which she moved after vacating the marital apartment, and order, same court and Justice, entered on or about August 4, 2003, which, to the extent appealed from and appealable, granted plaintiff's motion to enforce the April 25, 2003 order by directing defendant to pay plaintiff $120,000 as against rental arrears, awarded plaintiff $5,000 in attorney fees, and denied defendant's cross motion for renewal, unanimously affirmed, without costs.

Pursuant to the subject settlement agreement, as modified, plaintiff consented to the sale of the marital apartment and agreed to vacate the marital apartment on or before November 1, 2002 or five days before the sale of the apartment closed, and defendant agreed to pay the rent for plaintiff's new apartment, up to $15,000 per month. Plaintiff entered into a lease for a new apartment commencing November 1, 2002, but defendant maintains that his obligation to pay plaintiff's rent for the new apartment did not commence then, or in the ensuing months, because the contract for the sale of the marital apartment did not close. In support of his contention that his obligation for plaintiff's rent did not commence until the closing of the sale of the marital apartment, defendant cites that part of the modified settlement agreement which provides that the obligation in question begins "[u]pon the sale of the [marital] apartment." The IAS court, however, correctly afforded the agreement a practical interpretation consonant with the parties' reasonable expectations (see Slatt v Slatt, 102 AD2d 475, 477 [1984], affd 64 NY2d 966 [1985]) and properly concluded that "sale" in the above-quoted context did not entail a closing but merely execution of a contract of sale with plaintiff's consent and cooperation, which under the original settlement agreement she would have been entitled to withhold. Plainly, she would not have consented to the sale and ratified the contract of sale or agreed

to the November 1, 2002 vacatur date if it had been understood that defendant's agreement to pay for the accommodation to which she would move was to be indefinitely suspended pending a closing delayed or, indeed, canceled through no fault of her own. Although defendant counters that the modified agreement permitted plaintiff to remain in the marital apartment until five days in advance of the closing, given the then contemplated closing date and the severe penalties to which plaintiff would have been subject under the modified agreement for failing to timely vacate the apartment, plaintiff had no practical option other than securing a new apartment to which she could move as of November 1, 2002.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.