■ MARGUERITE CAMAIORE, Respondent, v FRANK FARANCE, Appellant. [858 NYS2d 102]—Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about January 14, 2008, which granted plaintiff's motion for clarification of the parties' stipulation of settlement to the extent of finding that each party's right of first priority to care for the parties' children during the other party's unavailability is limited to "occasions when a parent has an unusual change in his or her schedule" and does not apply "when the mother has made appropriate after-school arrangements for the children, consistent with her regular work schedule," unanimously reversed, on the law, without costs, and plaintiff's motion denied in its entirety.

The subject first-priority clause (article [5], paragraph [3] [e]) is clear and unambiguous and does not contain the terms added by the motion court. "In adjudicating the rights of parties to a contract, courts may not fashion a new contract under the guise of contract construction" (*Slatt v Slatt*, 64 NY2d 966, 967 [1985]). Nor may they " 'imply a condition which the parties

chose not to insert in their contract' " (*Nichols v Nichols*, 306 NY 490, 496 [1954]). Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.