Order, Supreme Court, New York County (O. Peter Sherwood, J), entered June 28, 2012, which, to the extent appealed from as limited by the briefs, denied the motion of plaintiff Frener & Reifer America, Inc. and additional cross claim and counterclaim defendant U.S. Specialty Insurance Company insofar as it sought summary judgment on Frener’s breach of contract claims *533 against defendant Dormitory Authority of the State of New York (DASNY), granted the motion of defendant DASNY for summary judgment dismissing Frener’s breach of contract claims, and granted the cross motion of additional cross claim and counterclaim defendant Turner Construction Company for summary judgment declaring that Frener is obligated to indemnify Turner against the claim of Sure Iron Works (SIW), unanimously affirmed, without costs.
In this action arising from the general contractor agreement between plaintiff Frener & Reifer and defendant DASNY, Frener & Reifer sought to obtain indemnification from DASNY for the financing costs of the surety bond the agreement required it to obtain, fees it paid to a consultant whom it claimed provided services related to the project, and any monies that defendant SIW claimed was due and owing.
The motion court correctly rejected these claims. The evidence established that DASNY had not agreed to pay for the financing costs of the surety bond; those costs were deemed part of the overhead and not recoverable by Frener & Reifer (see Affirmative Pipe Cleaning/Edenwald Contr. Co. v City of New York, 159 AD2d 417 [1st Dept 1990]). The consultant fees were also not recoverable, as the evidence established that the fees paid were finder’s fees by Frener & Reifer to the consultant for helping locate business opportunities, including the contract here.
Insofar as defendant SIW claims that it is still owed money for the project, the motion court correctly found that the only amount due to SIW was $4,640 for shop drawings. Furthermore, Frener & Reifer was liable to additional cross claim and counterclaim defendant Turner, the construction manager who retained SIW as a subcontractor, for this amount and the motion court properly granted Turner summary judgment in its favor on that claim. It is uncontradicted that Frener & Reifer continued work on the project after a stop work order was issued by DASNY and before the contract was terminated, and that the work undertaken by Turner and SIW was at Frener & Reifer’s direction.
We have considered the remaining arguments and find them unavailing. Concur — Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.