Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 11, 2013, which granted plaintiffs motion for summary judgment on its breach of contract claim to recover contingent payments arising from defendants’ use of its investment portfolio accounting software, and denied defendants’ cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, plaintiffs motion denied and defendants’ cross motion granted. The Clerk.is directed to enter judgment accordingly.
Under well-established principles of contract interpretation, *562 agreements are generally construed in accord with the parties’ intent (Slatt v Slatt, 64 NY2d 966, 967 [1985]), and the best evidence of the parties’ intent is “what they say in their writing” (Slamow v Del Col, 79 NY2d 1016, 1018 [1992]). Thus, where the terms of a contract are clear and unambiguous, “the intent of the parties must be found within the four corners of the document” (ABS Partnership v AirTran Airways, 1 AD3d 24, 29 [1st Dept 2003]), and extrinsic evidence is not to be considered (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]).
In view of the foregoing principles, we find that paragraph 2.06 of the subject agreement contemplates “use” of the subject software to apply only where actual portfolio accounting had been performed on actual existing customer accounts loaded on the software in a production environment for customer access. It does not apply to accounts that were loaded merely to test the functionality of the software or mistakenly loaded accounts.
Concur — Tom, J.E, Friedman, Manzanet-Daniels, Gische and Clark, JJ.