■ PHILIP MANDEL et al., Respondents-Appellants, v GEORGE ADLER et al., Appellants-Respondents. [670 NYS2d 477] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered October 9, 1997, which granted defendants' motion for summary judgment only to the extent of declaring, in connection with the first cause of action, that plaintiff Mandel and his assignee own only 22½ shares of defendant Durastick Sales Co., Inc. and have no ownership interest in the other four corporate defendants, unanimously modified, on the law, to dismiss the second cause of action in its entirety and the third through sixth causes of action to the extent they are based on conduct occurring before November 25, 1990, and to clarify that the entire action is dismissed as against all defendants other than George Adler, and otherwise affirmed, without costs.

The shareholders agreement and stock certificates that Mandel himself signed as president establish that he owns only 22½ shares of Durastick, and there is no evidence to controvert defendants' assertions, corroborated by the corporate documents, that plaintiffs do not have any ownership interest in the other four companies. The second cause of action is insufficiently pleaded insofar as it purports to allege fraud (CPLR 3016 [b]), and, insofar as it purports to allege breach of contract and tortious interference, is time-barred since the breaches, of which Mandel was aware, occurred in June 1983. Plaintiffs' remaining causes of action, essentially for breach of fiduciary duty, are barred to the extent they are based on conduct occurring before November 25, 1990, the six-year anniversary preceding commencement of the action (see, Unibell Anesthesia v Guardian Life Ins. Co., 239 AD2d 248). In view of the foregoing, defendants' claim that plaintiffs lack standing because of the contemporaneous ownership rule (Business Corporation

Law § 626 [b]) is moot, except as to Durastick, as to which the claim of lack of standing is inconsistent with defendants' other claim that the assignment of shares from Mandel to the coplaintiff was invalid as violative of the Durastick shareholders agreement. If the assignment was invalid, Mandel would still be a shareholder entitled to bring a derivative action. In addition, some of the alleged wrongs are on-going, such as the failure to pay dividends, and to that extent the coplaintiff would not be precluded by the contemporaneous ownership rule. Concur—Ellerin, J. P., Wallach, Tom and Mazzarelli, JJ.