■ UNIBELL ANESTHESIA, P. C., Respondent, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA et al., Appellants. [658 NYS2d 14] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered January 16, 1997, which denied defendants' respective motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges, *inter alia*, that defendant insurer did not apprise it of the Medicare status of one of its former employees, and thereby induced it to mistakenly believe that, largely as the result of that employee's catastrophic illness, its incurred claims would continue to dramatically exceed its insurance premium, requiring continued rate increases and, due to its high risk factor, making it unlikely that it could procure coverage from another insurer. We agree with the motion court that the facts alleged, which include the insurer's renewal notices, state causes of action for fraud, constructive fraud, violation of Insurance Law § 4226, violation of General Business Law § 349, negligent misrepresentation and unjust enrichment. Insurance Law § 4226 (a) (1), which provides that no insurer shall issue any statement that misrepresents the terms, benefits or advantages of any of its policies, reflects State policy that insurers deal fairly with their insureds and the public at large (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 317). Clearly, a notice of premium increase justified on the basis of a false representation of an increase in claims falls within the ambit of this statute, as well as General Business Law § 349 (a), premium notices being directed to consumers and plaintiff having been misled thereby to its actual harm (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26). The motion court properly rejected defendant insurance broker's argument that the complaint as against it is barred by the three-year Statute of Limitations since the gravamen of such claims is breach of fiduciary duty, as to which a six-year period of limitations applies. We have considered defendants' other arguments and find them to be without merit. Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.