■ ALICIA GOLDBERG, Appellant, v ETHEL SCHUMAN, Respondent, et al., Defendant. [733 NYS2d 356] —Order, Supreme Court, New York County (Jane Solomon, J.), entered October 25, 2000, which granted defendant Ethel Schuman's motion to dismiss the complaint, and denied plaintiff's motion for a default judgment against defendant Louis H. Gruhin, unanimously affirmed, with costs.

The complaint, against the executrix of the estate of plaintiff's husband, Schuman, and the executrix's attorney, Gruhin, was properly dismissed as time barred. Contrary to plaintiff's argument, the motion court did not improperly treat defendant's motion to dismiss as a motion for summary judgment. The court's determination was plainly premised on the allegations of the complaint, not the evidentiary matter submitted by defendant. On the merits, the court correctly concluded that plaintiff's claims against defendants for fraud and breach of fiduciary duty were barred by the Statute of Limitations pursuant to CPLR 203 (g) and 213. Plaintiff's contention that the applicable limitations periods were tolled is without legal support *(see, Ghandour v Shearson Lehman Bros.,* 213 AD2d 304, 305-306, *lv denied* 86 NY2d 710; CPLR 213 [8]). We note in this connection, that any issues pertaining to Schuman's alleged breach of her fiduciary duty as executrix were, or should have been, disposed of during the Surrogate's Court ac-

counting proceeding (*see*, NY Const, art VI, § 12 [d]; SCPA 201 [1]; *Matter of Piccione*, 57 NY2d 278; *see also, Matter of Stern*, 91 NY2d 591, 596-597).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.