[760 NYS2d 157]

Gerald S. Kaufman et al., Appellants, v Irwin B. Cohen et al., Respondents, et al., Defendants.

First Department, May 27, 2003

APPEARANCES OF COUNSEL

*Peter A. Mahler* of counsel (*David P. Gillett* on the brief; *Derfner & Mahler, LLP*, attorneys), for appellants.

*Martin Flumenbaum* of counsel (*Robyn Sorid* on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison*, attorneys), for Irwin B. Cohen, respondent.

*Alan D. Zuckerbrod* of counsel (*Siller Wilk LLP*, attorneys), for Falchi Building Co., L.P., and others, respondents.

## OPINION OF THE COURT

GONZALEZ, J.

This appeal requires us to determine whether a three-year

or six-year statute of limitations applies to a cause of action by two partners against a third partner for breach of fiduciary duty arising from the misappropriation of a partnership business opportunity where the complaint alleges, inter alia, actual fraud by the third partner and seeks both legal and equitable relief. As we find that a six-year statute of limitations and a discovery accrual rule applies to plaintiffs' breach of fiduciary duty claim, we find that cause of action to be timely. We further modify to reinstate plaintiffs' causes of action for fraud and an accounting.

On September 19, 1985 plaintiffs Gerald Kaufman and Stuart Seigel (plaintiffs) formed a partnership named SIG Partners (SIG) with defendant Irwin Cohen (Cohen). According to the written partnership agreement, SIG's purpose was to engage in business for profit, including but not limited to the development of a commercial property known as the Falchi Building, located at 31-02 47th Avenue, Long Island City, New York. SIG and a subsidiary of its financing partner, East River Savings Bank (East River), formed a limited partnership known as 31-02 47th Avenue Associates, L.P. (31-02). On December 22, 1986, 31-02 purchased the Falchi Building with a $15 million mortgage from East River.

Despite multiple refinancings, 31-02 was unable to make a commercial success of the building. In early 1992, 31-02 defaulted on its outstanding $30,250,000 mortgage, held at the time by Equitable Life Assurance Society of the United States (Equitable). In May 1992, Equitable commenced a foreclosure action, and 31-02 failed to answer the complaint or raise any objection to the foreclosure proceeding. Following entry of judgment of foreclosure, the sale of the Falchi Building was publicly noticed for October 27, 1993.

Plaintiffs allege that "at or about the time of the foreclosure action," Cohen represented to them that SIG's partnership interest in 31-02 could not be salvaged, was not worth salvaging and that they should let the interest lapse. Plaintiffs further allege that Cohen's representation was false, was known by Cohen to be false when made and that plaintiffs reasonably relied on Cohen's representation as a partner and fiduciary.[1] Plaintiffs claim that the falsity of Cohen's representation is demonstrated by the fact that, at the same time he made the

---

1. Plaintiffs further allege that Cohen, the only member of the SIG partnership based in New York, was the de facto managing partner of SIG and was responsible for managing its daily operations.

representation, he was secretly agreeing with new financial partners to reacquire the Falchi Building out of foreclosure at a substantial discount, and to the exclusion of plaintiffs.

On April 28, 1994, prior to the foreclosure sale, LIC Mortgage Corporation (LIC) purchased Equitable's mortgage for $14,500,000, with funds supplied by defendant CMC Falchi Holding Co., L.L.C. (CMC), an entity in which Cohen allegedly has a direct or beneficial interest. On December 8, 1994, the Falchi Building was sold to LIC at public auction for $14,500,000. On March 10, 1995, LIC's fee interest in the Falchi Building was transferred by referee's deed to an affiliated entity, defendant Falchi Building Co., L.P. (Falchi L.P.).

In the ensuing six years, ownership of the Falchi Building was conveyed three more times. In July 1995, Falchi L.P. transferred its fee interest to its affiliate, defendant CMC.[2] In November 1998, CMC conveyed its interest to AG Scogbell ATC Acquisition L.L.C., which in turn assigned its interest to CFG/AGSCB Falchi L.L.C. (CFG), another entity in which Cohen is alleged to have an interest. In April 2001, CFG sold the Falchi Building to an unnamed third party for $55 million. Plaintiffs maintain that they first became aware of Cohen's continuing partnership interest in the Falchi Building when this last sale was reported in the newspapers in January 2001.

On June 7, 2001, plaintiffs commenced the instant action alleging that defendant Cohen had misappropriated SIG's opportunity to reacquire the Falchi Building, thereby breaching his fiduciary duty to the SIG partnership and unjustly enriching himself and his new associates. Plaintiffs sought compensatory and punitive damages in the amount of $5 million, an accounting and the imposition of a constructive trust on all proceeds from the ownership, operation and sale of the Falchi Building that could be traced to Cohen's participation in these activities. Plaintiffs sought to hold the remaining defendants liable for aiding and abetting Cohen's breach of fiduciary duty. Subsequent to defendants' motions to dismiss, plaintiffs served an amended complaint adding an eleventh cause of action for fraud against Cohen.

Defendants moved to dismiss the complaint on the grounds that the causes of action were barred by the statute of limitations and were substantively flawed. Plaintiffs opposed the motion.

---

2. Plaintiffs also allege that defendant MC Holdings was affiliated with defendant CMC and that defendant Kislin was affiliated with both Falchi L.P. and CMC.

The IAS court granted defendants' motions and dismissed the amended complaint in its entirety. The court held that the breach of fiduciary duty claims were barred by the three-year statute of limitations for injury to property in CPLR 214 (4), since these causes of action demanded $5 million in money damages. It held that the six-year statute of limitations in CPLR 213 (1) only applies to breach of fiduciary duty claims seeking equitable relief.

Alternatively, the court ruled that even if a six-year statute of limitations applied, plaintiffs' breach of fiduciary duty claims would still be time-barred because those claims accrued, at the latest, in December 1994, when LIC purchased the Falchi Building at public auction, and plaintiffs' action was commenced more than six years later. The court also rejected plaintiffs' equitable estoppel argument on the grounds that they had failed to show an affirmative wrong committed by defendants that was intended to delay plaintiffs from commencing timely action, and further, that they failed to allege wrongful conduct independent of that which formed the basis of the underlying claim.

The court dismissed plaintiffs' fraud claim, finding the allegations of an affirmative misrepresentation and active concealment insufficient to satisfy the exacting pleading requirements of CPLR 3016 (b). It further held that the fraud claim was untimely, ruling that it was merely "incidental" to the breach of fiduciary duty claim, and was apparently added solely to avoid the three-year statute of limitations. However, even if the six-year statute of limitations for fraud actions, as well as the discovery accrual rule in CPLR 213 (8) and 203 (g), applied, the court ruled that the fraud claim was untimely since a letter sent to plaintiffs in April 1994, indicating that Cohen's daughter was employed by the management company for LIC, the purchaser of Equitable's mortgage, triggered a duty to investigate which would have led them to discover Cohen's involvement. The court also found the equitable estoppel doctrine inapplicable to the fraud claim.

The court also dismissed the unjust enrichment cause of action as ancillary to the breach of fiduciary duty claim, and therefore subject to the three-year statute of limitations. It dismissed the accounting claim for failure to make a demand prior to commencing suit. As to the other defendants, the court dismissed the aiding and abetting claims on the grounds that the direct breach of fiduciary duty claim against Cohen had been dismissed, and because they were insufficiently pleaded.

It further dismissed the constructive trust claim for failure to plead the elements of that cause of action, particularly the requirement of a fiduciary relationship.

■ On appeal, plaintiffs first argue that the IAS court erred in dismissing the breach of fiduciary duty claim as time-barred. They argue that the six-year statute of limitations in CPLR 213 (1), not the three-year statute of limitations in CPLR 214 (4), applies to their breach of fiduciary duty claim. They further contend that, in any event, defendants should be equitably estopped from asserting the statute of limitations defense due to their active concealment of Cohen's role in misappropriating SIG's opportunity to reacquire an interest in the Falchi Building. As we conclude that plaintiffs' breach of fiduciary duty claims were timely, we modify to reinstate the first and second causes of action.

New York law does not provide any single limitations period for breach of fiduciary duty claims (*Whitney Holdings, Ltd. v Givotovsky*, 988 F Supp 732, 741 [SD NY 1997]). Generally, the applicable statute of limitations for breach of fiduciary claims depends upon the substantive remedy sought (*Loengard v Santa Fe Indus.*, 70 NY2d 262, 267 [1987]; *Yatter v William Morris Agency*, 256 AD2d 260, 261 [1998]; *see also Dunlop-McCullen v Pascarella*, 2002 WL 31521012, 2002 US Dist LEXIS 21854 [SD NY, Nov. 13, 2002]; *Green v Doukas*, 2001 WL 767069, 2001 US Dist LEXIS 8861 [SD NY, June 22, 2001]). Where the relief sought is equitable in nature, the six-year limitations period of CPLR 213 (1) applies (*see Loengard v Santa Fe Indus.*, 70 NY2d 262, 267 [1987]; *Whitney Holdings, Ltd. v Givotovsky*, 988 F Supp at 741). On the other hand, where suits alleging a breach of fiduciary duty seek only money damages, courts have viewed such actions as alleging "injury to property," to which a three-year statute of limitations applies (*see* CPLR 214 [4]; *Yatter v William Morris Agency*, 256 AD2d at 261; *Whitney Holdings, Ltd. v Givotovsky*, 988 F Supp at 741).

In the present case, plaintiffs' complaint demands both legal and equitable relief. Plaintiffs' first, second, third, fifth, sixth, eighth, ninth and eleventh causes of action seek money damages of not less than $5 million on theories of fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty and unjust enrichment. On the other hand, plaintiffs' fourth, seventh, and tenth causes of action seek equitable relief in the form of an accounting and a constructive trust. Unfortunately, the case law provides no clear guidance on which limitations

period is applicable to breach of fiduciary duty claims when both legal and equitable relief are sought.

Nevertheless, the case law in New York clearly holds that a cause of action for breach of fiduciary duty based on allegations of actual fraud is subject to a six-year limitations period (*see Goldberg v Schuman*, 289 AD2d 8 [2001] [plaintiff's claims for fraud and breach of fiduciary duty governed by six-year limitations period in CPLR 213]; *Unibell Anesthesia v Guardian Life Ins. Co.*, 239 AD2d 248 [1997] [court correctly applied six-year limitations period, instead of three-year period, to breach of fiduciary duty claim where complaint also made out cause of action for fraud by insurer]; *see also Matter of Kaszirer v Kaszirer*, 286 AD2d 598, 598-599 [2001] [breach of fiduciary duty cause of action subject to three-year limitations period where complaint did not allege fraud or breach of trust agreement]; *Heffernan v Marine Midland Bank*, 283 AD2d 337, 338 [2001] [breach of fiduciary duty cause of action seeking damages from a defalcating fiduciary, if not involving allegations of actual fraud, is governed by three-year limitations period]).

An exception to this rule, and one relied upon by defendants and the IAS court here, is that "courts will not apply the fraud Statute of Limitations if the fraud allegation is only incidental to the claim asserted; otherwise, fraud would be used as a means to litigate stale claims" (*Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 120 [1985], *affd* 67 NY2d 981 [1986]). Thus, "where an allegation of fraud is not essential to the cause of action pleaded except as an answer to an anticipated defense of Statute of Limitations, courts 'look for the reality, and the essence of the action and not its mere name'" (*id.*, quoting *Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264 [1937]).

The timeliness of plaintiffs' breach of fiduciary duty claim, therefore, turns on the viability of plaintiffs' fraud cause of action, an issue to which we now turn. The IAS court found that plaintiffs' fraud cause of action did not meet the pleading requirements of CPLR 3016 (b), and speculated that it was added solely in response to defendants' statute of limitations argument. To state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury (*see Monaco v New York Univ. Med. Ctr.*, 213 AD2d 167, 169 [1995], *lv denied* 86 NY2d 882 [1995]; *Callas v Eisenberg*, 192 AD2d 349, 350 [1993]).

Alternatively, instead of an affirmative misrepresentation, a fraud cause of action may be predicated on acts of concealment

where the defendant had a duty to disclose material information (*Swersky v Dreyer & Traub*, 219 AD2d 321, 326 [1996], *appeal withdrawn* 89 NY2d 983 [1997]). Thus, where a fiduciary relationship exists, "the mere failure to disclose facts which one is required to disclose may constitute actual fraud, provided the fiduciary possesses the requisite intent to deceive" (*Whitney Holdings, Ltd. v Givotovsky*, 988 F Supp at 748; *see also American Baptist Churches v Galloway*, 271 AD2d 92, 100 [2000]).

Plaintiffs' fraud cause of action alleged that Cohen made the false representation that SIG's partnership interest in 31-02 could not be salvaged at the same time when he was making plans to salvage such interest with third parties to the exclusion of plaintiffs; that Cohen knew the representation was false when made and that plaintiffs reasonably relied thereon; and that plaintiffs were damaged as a result. Plaintiffs also alleged that Cohen owed them a fiduciary duty, as partners, to disclose the opportunity to reacquire an interest in the Falchi Building, but that instead he intentionally and deliberately concealed his efforts to reacquire such interest with new financial partners. In our view, these allegations are not merely incidental to the breach of fiduciary duty claim, and, instead, state a valid cause of action for actual fraud by Cohen (*see Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321, 325 [1957] ["despite the allegations of fiduciary relationship and the breach thereof, there are other allegations which, expressly and by fair and reasonable intendment, are sufficient to make the action one to procure a judgment on the ground of fraud"]; *Quadrozzi Concrete Corp. v Mastroianni*, 56 AD2d 353, 358 [1977], *appeal dismissed* 42 NY2d 824 [1977] [complaint discloses allegations which are sufficient to construe it as an action for actual fraud]).

We disagree with the IAS court's holding that plaintiffs' fraud allegations failed to satisfy CPLR 3016 (b) because they failed to specify the exact date, time or the precise contents of Cohen's misrepresentations, nor indicated how they came to rely on Cohen's statements. While defendants are correct that CPLR 3016 (b) requires factual allegations in support of each element of fraud (*see Monaco v New York Univ. Med. Ctr.*, 213 AD2d 167, 169 [1995]), to meet such requirement a plaintiff need only provide "sufficient detail to inform defendants of the substance of the claims" (*Bernstein v Kelso & Co.*, 231 AD2d 314, 320 [1997] [emphasis omitted]). Indeed, the pleading requirements of CPLR 3016 (b) should not be interpreted so

strictly as to require specificity where "it may be 'impossible to state in detail the circumstances constituting a fraud.'" (*Bernstein v Kelso & Co.*, 231 AD2d 314, 320 [1997], quoting *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968].)

Such is certainly the case here, where defendants' dismissal motions prevented plaintiffs from obtaining discovery on the precise issues of each defendant's knowledge and intent with respect to Cohen's concealment of his role in reacquiring an interest in the Falchi Building (*see Bernstein v Kelso & Co.*, 231 AD2d at 321). Moreover, it is not unusual in cases involving concealment that a plaintiff will be unable to state the facts constituting fraud in detail since such facts are necessarily "peculiarly within the knowledge of the [defrauding] party" (*Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d at 194). Here, even without discovery, plaintiffs' complaint adequately alleges a misrepresentation or failure to disclose a material fact, falsity, scienter, justifiable reliance by plaintiff and damages (*see Bernstein v Kelso & Co.*, 231 AD2d at 321-322; *American Baptist Churches v Galloway*, 271 AD2d 92, 99-100 [2000]). Thus, the fraud claim should not have been dismissed for failure to comply with CPLR 3016 (b).

In light of our holding that plaintiffs' fraud cause of action is sufficiently pleaded and is not merely "incidental" to the breach of fiduciary duty cause of action, we hold that the applicable limitations period for both the breach of fiduciary duty and fraud causes of action is six years (*see* CPLR 213 [1], [8]; *Goldberg v Schuman*, 289 AD2d 8 [2001]; *Unibell Anesthesia v Guardian Life Ins. Co.*, 239 AD2d 248 [1997]; *Heffernan v Marine Midland Bank*, 283 AD2d 337 [2001]). However, this conclusion does not end the matter, as the IAS court correctly ruled that the causes of action accrued at the latest on December 8, 1994, which is more than six years prior to the commencement of the action.[3] Thus, without the benefit of the doctrine of equitable estoppel, or by virtue of the discovery rule for actions based upon fraud (*see* CPLR 213 [8]; 203 [g]), the action would still be untimely.

---

**3.** We reject plaintiffs' argument that the cause of action for breach of fiduciary duty accrued on March 10, 1995, when the Falchi Building was conveyed by referee's deed from LIC to Falchi L.P. Generally, a cause of action for breach of fiduciary duty accrues at the time of the breach, which, in this case, occurred when Cohen misappropriated the partnership's opportunity to reacquire the Falchi Building. This act was accomplished upon his new partners' purchase of the building at public auction in December 1994.

We agree with the IAS court's holding that equitable estoppel is inapplicable on the present facts. "[A] defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). The doctrine requires proof that the defendant made an actual misrepresentation or, if a fiduciary, concealed facts which he was required to disclose, that the plaintiff relied on the misrepresentation and that the reliance caused plaintiff to delay bringing timely action (*Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 122 [1985], *affd* 67 NY2d 981 [1986]; *Jordan v Ford Motor Co.*, 73 AD2d 422, 424 [1980]).

However, the Court of Appeals has held in the medical malpractice context that equitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying substantive cause of action (*see Rizk v Cohen*, 73 NY2d 98, 105-106 [1989]; *see also Chesrow v Galiani*, 234 AD2d 9, 10-11 [1996]). In the present case, it is the very same wrongful act—Cohen's misrepresentation and intentional concealment concerning the opportunity to reacquire an interest in the Falchi Building—which forms the basis of both the estoppel argument and the underlying claims for fraud and breach of fiduciary duty. As defendants correctly note, this limitation on the equitable estoppel doctrine must also apply to fraud actions, because otherwise, the mere assertion of an underlying fraudulent act would always trigger equitable estoppel and render the discovery accrual rule for fraud actions superfluous. Accordingly, as we find this limitation on the doctrine of equitable estoppel applicable in the fraud context, plaintiffs may not avail themselves of the doctrine here.

Nevertheless, plaintiffs' argument for application of the fraud discovery accrual rule to their claims is persuasive. "A cause of action sounding in fraud must be commenced within 6 years from the date of the fraudulent act or 2 years from the date the party discovered the fraud or could, with due diligence, have discovered it" (*Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 305 [1995], *lv denied* 86 NY2d 710 [1995]; CPLR 213 [8]; 203 [g]).[4] The discovery accrual rule also applies to fraud-based breach of fiduciary duty claims (*see Yatter v William Morris Agency*, 268 AD2d 335, 336 [2000]; *Whitney Holdings, Ltd. v*

---

4. Although the discovery accrual rule does not apply in cases of constructive fraud (*Monaco v New York Univ. Med. Ctr.*, 213 AD2d 167, 168 [1995]),

*Givotovsky*, 988 F Supp at 744). An inquiry as to the time that a plaintiff could, with reasonable diligence, have discovered the fraud "turns upon whether a person of ordinary intelligence possessed knowledge of facts from which the fraud could be reasonably inferred [citations omitted]" (*Ghandour v Shearson Lehman Bros.*, 213 AD2d at 305-306).

The IAS court found that an April 28, 1994 letter sent to plaintiffs announcing Equitable's assignment of its rights to the mortgage on the Falchi Building to LIC should have triggered a duty of inquiry on the part of plaintiffs that would have revealed Cohen's involvement in attempting to reacquire the Falchi Building. The court's conclusion was based on the fact that the letter directed that all further correspondence or payments be addressed to the new management company, ATC Management, Inc., to the attention of Cheryl Cohen, who is defendant Cohen's daughter. However, in the proceedings below, plaintiff Kaufman submitted a supplemental affidavit stating that Cheryl Cohen's employment with ATC Management raised no red flags as to defendant Cohen's involvement with the new purchasers of the Falchi Building. The affidavit further explained that since Cohen had previously managed the building through an entity known as SIG Management Corp., it was not unusual that Cohen or his daughter would have remained involved in the management of the building for the new mortgagees. In any event, the letter itself makes no mention that Cohen himself was involved in the attempt to repurchase the building out of foreclosure with new partners.

In view of plaintiffs' submissions, it was error for the IAS court to rule as a matter of law that they could have, with reasonable diligence, discovered the fraud in 1994 (*see Yatter v William Morris Agency*, 268 AD2d 335, 336 [2000]). A clear question of fact exists as to whether plaintiffs could reasonably have inferred from the April 1994 letter, or from public documents relating to the foreclosure sale, that a fraud was perpetrated upon them (*id.*). Accordingly, defendants' motion to dismiss the fraud and breach of fiduciary duty claims as time-barred should have been denied.[5]

The IAS court dismissed plaintiff's fourth cause of action for an accounting due to their failure to demand one prior to

---

we find the allegations in plaintiffs' complaint state a claim of actual fraud, which, unlike constructive fraud, requires an intent to deceive.

5. To the extent plaintiffs' causes of action for breach of fiduciary duty are brought on behalf of the corporation SIG-L.I., the general partner of SIG and whose president was Cohen, the applicable limitations period is the six-year period in CPLR 213 (7), which governs actions "by or on behalf of a corpora-

commencing the action. The court correctly noted that a court of equity will not intervene to vindicate a partner's right to an accounting in the absence of a showing that a demand for one was made and rejected by the partner in possession of the books, records, profits or other assets of the partnership (*see McMahan & Co. v Bass*, 250 AD2d 460, 463 [1998], *lv denied* 92 NY2d 1013 [1998]).

In opposition to Cohen's motion to dismiss, plaintiff Kaufman submitted an affidavit stating that he spoke to Cohen by telephone and demanded to know why he was "in" and they were "out" of the Falchi Building transaction. Plaintiff Seigel submitted an affidavit stating he too spoke to Cohen by telephone and demanded to know what Cohen was getting out of the Falchi Building and why he had cut his partners out. According to plaintiffs, after these communications, Cohen refused to communicate with them, and, accordingly, they concluded that a formal demand for an accounting would be futile. Giving plaintiffs' allegations their most favorable intendment (*see Arrington v New York Times Co.*, 55 NY2d 433, 442 [1982], *cert denied* 459 US 1146 [1983]), plaintiffs' informal demands upon Cohen to explain what he got out of the deal from which plaintiffs were excluded were sufficient to state a cause of action for an accounting (*see Conroy v Cadillac Fairview Shopping Ctr. Props.*, 143 AD2d 726, 726-727 [1988] [complaint sufficiently pleaded a prior demand for and refusal of an accounting by alleging a demand for and refusal of "true and full information" about the financial affairs of the partnership]; *see also Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 119 [1998] [record sufficiently reflects defendant's failure to provide complete information regarding disposition of partnership funds so as to support cause of action for an accounting]).

Plaintiffs' fifth, sixth, eighth and ninth causes of action seek to hold the defendants other than Cohen (the Falchi defendants) liable for aiding and abetting Cohen's breach of fiduciary duty. The IAS court dismissed these causes of action because they were derivative of the breach of fiduciary duty claim against Cohen, which it had dismissed as untimely, and also because the complaint failed to allege how the Falchi defendants knowingly participated in, or provided substantial

---

tion against a present or former * * * officer * * * to procure a judgment on the ground of fraud ." This cause of action is also timely since a discovery accrual rule is applicable based on the allegations of Cohen's actual fraud (*see Whitney Holdings, Ltd. v Givotovsky*, 988 F Supp at 744-745).

assistance to, Cohen's breach. The court further held that the aiding and abetting claim was barred by the statute of limitations.

■ Our finding above that the primary breach of fiduciary duty causes of action against Cohen are indeed viable, of course, vitiates the IAS court's holding that the derivative claims against the Falchi defendants should be dismissed. Nevertheless, the Falchi defendants' substantive arguments concerning the flaws in plaintiffs' aiding and abetting theory have merit. A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach (see S & K Sales Co. v Nike, Inc., 816 F2d 843, 847-848 [2d Cir 1987]; Whitney v Citibank, N.A., 782 F2d 1106, 1115 [2d Cir 1986], citing Wechsler v Bowman, 285 NY 284, 291 [1941]).

As we have already found that a breach of fiduciary duty has been adequately stated against Cohen, we now focus on the second element of knowing participation. Although a plaintiff is not required to allege that the aider and abettor had an intent to harm, there must be an allegation that such defendant had actual knowledge of the breach of duty (see S & K Sales Co. v Nike, Inc., 816 F2d at 848; In re Sharp Intl. Corp., 281 BR 506, 514 [ED NY 2002]). Constructive knowledge of the breach of fiduciary duty by another is legally insufficient to impose aiding and abetting liability (see Kolbeck v LIT Am., Inc., 939 F Supp 240, 246 [SD NY 1996], affd 152 F3d 918 [2d Cir 1998]).

While not unmindful of the inherent difficulty in pleading a defendant's actual state of mind (see, Wight v Bankamerica Corp., 219 F3d 79, 91-92 [2d Cir 2000]), plaintiffs' allegations of the Falchi defendants' purported knowledge of Cohen's breach are extremely sparse and wholly conclusory, consisting of this single statement: "Upon information and belief, defendants Falchi L.P., CMC, MC Holdings, CFG and Kislin were aware of Cohen's and plaintiff's prior involvement with and beneficial ownership interest in the Falchi Building, and therefore knew of the fiduciary duty owed to plaintiffs by Cohen or acted in reckless disregard of the same." Apart from this conclusory allegation, there are no facts in the complaint from which it could be inferred that the Falchi defendants had actual knowledge that Cohen was secretly trying to exclude his former partners from reacquiring an interest in the Falchi

Building. Moreover, the fact that Cohen is alleged to have a beneficial interest in one or more of the Falchi entities establishes, at most, constructive knowledge by those entities of Cohen's fiduciary breach, which, as noted, is an insufficient basis for aider and abettor liability.

A person knowingly participates in a breach of fiduciary duty only when he or she provides "substantial assistance" to the primary violator (see *King v George Schonberg & Co.*, 233 AD2d 242, 243 [1996]; *National Westminster Bank USA v Weksel*, 124 AD2d 144, 148-149 [1987], *lv denied* 70 NY2d 604 [1987]; see also *S & K Sales Co. v Nike, Inc.*, 816 F2d at 849; *In re Sharp Intl. Corp.*, 281 BR at 516). Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur (see *Kolbeck v LIT Am., Inc.*, 939 F Supp at 247). However, the mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff (see *In re Sharp Intl. Corp.*, 281 BR at 516).

Here, the sum total of plaintiffs' allegations concerning the Falchi defendants' substantial assistance is that they "knowingly induced, aided and abetted Cohen's said breach of fiduciary duty by assisting him to reacquire an interest in the Falchi Building and to conceal the same from plaintiffs." As an initial matter, assisting Cohen in reacquiring an interest in the Falchi Building, not an unusual activity for those in the business of commercial real estate development, hardly constitutes assisting in a breach of fiduciary duty by itself. Moreover, the gravamen of this allegation is that the Falchi defendants concealed Cohen's breach of fiduciary duty from the plaintiffs, Cohen's former SIG partners, by failing to disclose it. Manifestly, as the Falchi defendants owed no fiduciary duty to plaintiffs, they were under no duty to report Cohen's involvement to them, and no aider or abettor liability may be based thereon.

■ We also agree with the IAS court that the aiding and abetting claim is time-barred. We reject plaintiffs' assertion that equitable estoppel or a discovery accrual rule is available with respect to the claims against the Falchi defendants. Since these defendants are not alleged to have made any representation, and further owed no fiduciary duty to plaintiffs, the aiding and abetting claim against them sounds in constructive fraud, not actual fraud. As noted above, the discovery accrual rule does not apply in cases alleging constructive fraud (see

*Whitney Holdings, Ltd. v Givotovsky*, 988 F Supp at 744; *Quadrozzi Concrete Corp. v Mastroianni*, 56 AD2d at 356), and therefore the aiding and abetting claim is barred by the six-year statute of limitations (*see* CPLR 213 [1]).

The IAS court dismissed plaintiffs' causes of action seeking to impose a constructive trust as time-barred and for failing to state a cause of action. Recognizing that the requirements for the equitable doctrine of a constructive trust are not rigidly limited (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]), we read plaintiffs' complaint to state a viable cause of action for a constructive trust notwithstanding the absence of a promise by the recipient or a transfer in reliance upon the promise (*id.*; *Latham v Father Divine*, 299 NY 22, 27 [1949] ["(a) constructive trust will be erected whenever necessary to satisfy the demands of justice * * * (I)ts applicability is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them"]; *see also Schneidman v Tollman*, 190 AD2d 524, 525 [1993] [constructive trust was appropriate remedy where defendant partners breached fiduciary duty by transferring partnership's purchase rights in certain properties to another entity formed by defendants from which plaintiff excluded]; *Sandler v Fishman*, 157 AD2d 708, 709-710 [1990]).

■ Nevertheless, we agree with the IAS court that this cause of action is time-barred. An action to impose a constructive trust is governed by the six-year statute of limitations provided by CPLR 213 (1), which commences to run upon occurrence of the wrongful act giving rise to a duty of restitution, and not from the time when the facts constituting the fraud are discovered (*Mazzone v Mazzone*, 269 AD2d 574, 574-575 [2000]; *Matter of Sakow*, 219 AD2d 479, 482 [1995]). As plaintiffs' complaint reveals that the wrongful transfer of property from which they were excluded occurred in December 1994, more than six years before their complaint was filed, the cause of action was properly dismissed (*see Mazzone v Mazzone*, 269 AD2d at 575).

■ Lastly, plaintiffs' unjust enrichment cause of action was properly dismissed as time-barred. Even accepting plaintiffs' argument that a six-year limitations period applies (CPLR 213 [1]), a claim for unjust enrichment accrues upon the occurrence of the alleged wrongful act giving rise to restitution (*see Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]). As the wrongful act occurred at the latest in December 1994, more than six years prior to commencement of the action, this claim was also properly dismissed.

Accordingly, the judgment of the Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 15, 2002, which granted the motion of defendants-respondents Irwin B. Cohen, Falchi Building Co. L.P., CMC Falchi Holding Co., L.L.C., MC Holdings Co., L.L.C. and Arik Kislin and dismissed the amended complaint, should be modified, on the law, the causes of action for fraud, breach of fiduciary duty and an accounting reinstated, and otherwise affirmed, without costs.

BUCKLEY, P.J., NARDELLI, MAZZARELLI and WILLIAMS, JJ., concur.

Judgment, Supreme Court, New York County, entered April 15, 2002, modified, on the law, the causes of action for fraud, breach of fiduciary duty and an accounting reinstated, and otherwise affirmed, without costs.