Robert SAVITSKY, Plaintiff–Appellant,

v.

Louis MAZZELLA, Sr., Anne Mazzella, Louis Mazzella, Jr., Claude Castro, Castro & Karten, Timothy Dowd, Louis Mazzella Irrevocable Trust, Darby Corporation, Fischman & Fischman, A & L Properties, Doreen Fischman, and CLM Properties, Inc., Defendants–Appellees.

No. 06–0092–cv.

United States Court of Appeals, Second Circuit.

Dec. 21, 2006.

Anthony F. Lecrichia, New York, NY, for Appellant.

Claude Castro, Castro & Karten LLP, New York, NY, for Appellees.

Present: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

### SUMMARY ORDER

Robert Savitsky appeals the November 1, 2004 order of the district court, *Savitsky v. Mazzella,* No. 98 Civ. 9051, 2004 WL 2454120 (S.D.N.Y. Nov.1, 2004) ("November 1 Order"), denying in part his motion for leave to amend his complaint and denying his motion for disqualification. Savitsky also appeals the December 2, 2005 final judgment of the same court, *Savitsky v. Mazzella,* No. 98 Civ. 9051, 2005 WL 3241944 (S.D.N.Y. Dec.2, 2005), granting summary judgment to defendants Louis Mazzella, Sr. ("Mazzella") and others as to Savitsky's remaining claims of fraud and fraudulent conveyances of property, and denying his request for expenses. We assume the parties' familiarity with the facts and the issues on appeal.[1]

■ Savitsky argues that the district court erred in its November 1 Order denying his motion for leave to amend his complaint to state a claim under New York Judiciary Law section 487 against Claude Castro and Castro & Karten LLP. We review a denial of the right to amend a complaint for abuse of discretion. *See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 87 (2d Cir.2002). "[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003). We agree with the district court that it would have been futile to permit Savitsky to replead the section 487 claim because his allegations were either conclusory or contradictory. We therefore find the district court did not abuse its discretion in denying Savitsky leave to include the Judiciary Law section 487 claim in the amended complaint. Because Castro had represented that he and his firm would withdraw from the case if Savitsky withstood a motion for summary judgment and because we now affirm the district court's grant of summary judgment, Savitsky's challenge to the district court's denial of his motion to disqualify them under New York Disciplinary Rules 5–101 and 5–102, which Savitsky made on the ground that Castro would be called as a witness at trial, is moot.[2]

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

1. Mazzella argues in his brief that the judgment Savitsky seeks to satisfy in this suit has been satisfied by the April 29, 2005 judgment of the Commonwealth Court of Pennsylvania (Smith–Ribner, J.), and that Savitsky's claim is therefore moot. However, Mazzella failed to submit evidence of satisfaction to the district court, and the district court denied his motion to dismiss on this ground.

2. We note that Savitsky's Third Amended Complaint contains no claims against the other defendants in this appeal, and we therefore affirm the district court's dismissal as to those defendants. To the extent that we could construe Savitsky's appellate briefs as challenging the November 1 Order of the district court denying his motion for leave to amend his

■ Savitsky also challenges the district court's grant of summary judgment to defendants on his claim that Mazzella perpetuated a fraud in Mazzella's 1992 deposition. To prove fraud under New York law, Savitsky must show by clear and convincing evidence that: 1) Mazzella made a representation of material fact, 2) the representation was false, 3) Mazzella knew the representation was false, 4) Savitsky justifiably relied on the misrepresentation, and 5) Savitsky suffered damages as a result of his reliance. *See Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 291 (2d Cir.2006) (citing *Kaufman v. Cohen,* 307 A.D.2d 113, 760 N.Y.S.2d 157, 165 (1st Dep't 2003)). After drawing all inferences in Savitsky's favor, we agree with the district court that he failed to establish a genuine issue of material fact as to whether he justifiably relied on Mazzella's deposition. While Savitsky stated in his complaint and in an affidavit that he relied on Mazzella's representations, these statements were conclusory, and he has produced no evidence of his reliance. *See Heublein, Inc. v. United States,* 996 F.2d 1455, 1461 (2d Cir.1993) ("Genuine issues of fact are not created by conclusory allegations."). Indeed, the record suggests that rather than relying on Mazzella's representations, Savitsky investigated them and attempted to show they were false.

■ We also reject Savitsky's claim that Mazzella fraudulently transferred nine California properties to his wife, Anne Mazzella. As the district court noted, Sav-itsky has not submitted any evidence contesting Anne Mazzella's sworn statement that she alone held title to each of the California properties listed in the third amended complaint, and that rather than showing any actual transfer of property, the quit claim deeds were executed merely to comply with California law. Without evidence that Mazzella owned any interest in the properties, there was no transfer of interest, and thus no fraudulent conveyance.[3]

We decline to review Savitsky's fraudulent conveyance claim regarding the allegedly fraudulent transfer of the mortgage on 249 Waverly Place, because he did not plead the relevant facts of that claim in his January 10, 2005 third amended complaint. *See Dluhos v. Floating & Abandoned Vessel,* 162 F.3d 63, 68 (2d Cir.1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994)).[4]

Because Savitsky has not established that any fraudulent conveyances occurred, he has not supported a claim for expenses under New York Debtor and Creditor Law section 276(a).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

complaint to include claims against other defendants for conspiracy to commit fraud, we affirm the district court's denial because, given the conclusory nature of his allegations, it was not an abuse of discretion. *See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 87 (2d Cir.2002) (stating that we review denials of leave to amend for abuse of discretion).

3. We reject Savitsky's claim that Mazzella's statements in a 1994 NASD hearing that

"[w]hat's hers [Anne's] is mine" establishes that Mazzella had an ownership interest in Anne Mazzella's property. Mazzella's statements cannot change the legal status of the property's ownership.

4. In his third amended complaint, Savitsky pleaded only that Mazzella did not reveal the existence of the mortgage, not that there was a fraudulent conveyance of the mortgage.