■ GTFM, LLC, et al., Appellants, v Thomas K. Nagy, Defendant, and Christian Casey, LLC, et al., Respondents. [827 NYS2d 655]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 19, 2005, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiffs and defendant-respondent companies (The Companies) were competitors in the business of selling apparel to young urban customers. In the summer of 1999, defendant Thomas Nagy, who owned TKN Sales, an independent sales agency representing manufacturers of apparel, including plaintiffs, verbally agreed to become vice-president of sales for plaintiff GTFM, LLC. However, before the parties signed an employment contract, a dispute arose over commissions which GTFM allegedly owed TKN Sales and Nagy, who then decided against accepting the position. During his negotiations with GTFM, Nagy was provided with access to GTFM's confidential information, including a president's report, which included a list of GTFM customers and sales data for each customer. While he was negotiating with GTFM, Nagy was being recruited by The Companies to be their West Coast sales representative, a position he ultimately accepted. In this subsequently commenced action, plaintiffs allege, inter alia, that Nagy and The Companies misappropriated plaintiffs' president's report, and that information from the report was then used by The Companies to divert business from plaintiffs.

Inasmuch as the evidence was insufficient to raise a triable issue as to whether The Companies had, in fact, received and improperly utilized a copy of the president's report, or had otherwise engaged in wrongful conduct to divert business from plaintiffs, the cause of action alleging tortious interference with prospective business relations was properly dismissed (see Carvel Corp. v Noonan, 3 NY3d 182, 189-191 [2004]). Moreover, the competent evidence shows that the apparel retailers' decisions to reduce orders for plaintiffs' merchandise were not attributable to any wrongful conduct by The Companies.

Also properly dismissed was the cause of action alleging that The Companies aided and abetted Nagy in breaching his fiduciary duties. Although there is evidence of such a breach by

Nagy, there is no evidence that The Companies induced or participated in the breach (*see Kaufman v Cohen*, 307 AD2d 113, 125-126 [2003]).

In light of the lack of evidence sufficient to support an inference that The Companies were actually provided with the president's report, the causes of action for misappropriation of trade secrets, conversion, and unfair competition were also properly dismissed.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.