■ FIDELITY NATIONAL TITLE INSURANCE COMPANY, Respondent, v SMITH BUSS & JACOBS, LLP, et al., Appellants, et al., Defendants. [6 NYS3d 29]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered June 27, 2014, which, to the extent appealed from, denied defendant Smith Buss & Jacobs, LLP's motion to dismiss the complaint as against it for failure to state a cause of action and defendant Blomberg's motion to dismiss the breach of contract claim as a time-barred legal malpractice claim, unanimously affirmed, without costs.

The complaint alleges that the sponsor of 16 apartment units in a condominium development, Empire Builders of New York Corp., and other parties defrauded the purchasers of the units by falsely representing that part of the purchase price would be used to satisfy portions of a blanket mortgage allocated proportionally to the units and by diverting the funds meant to satisfy the mortgage for their own use. Empire also allegedly failed to disclose that six of the units were encumbered by mortgages held by Al Perna. Plaintiff defended the purchaser's title and mortgagee Wells Fargo Bank's mortgage loan against foreclosures of the mortgages, pursuant to title insurance policies that its policy-issuing agent, Imagine Title, had allegedly fraudulently issued on its behalf. Proceeding individually and as subrogee of the purchasers and Wells Fargo, plaintiff asserts claims for fraud, aiding and abetting fraud, aiding and abetting conversion, and breach of fiduciary duty against Empire's attorney, defendant Smith Buss & Jacobs, LLP (SBJ) and a breach of contract claim against defendant Blomberg for breaching instructions that Wells Fargo had given him by failing to ensure that all liens of record were satisfied before disbursing Wells Fargo's funds from escrow.

The complaint alleges that SBJ misrepresented that the subject units would not be encumbered by the mortgages in the offering plan and closing statements it drafted and that it deviated from normal practice by failing to obtain the necessary payoff letters from New York Community Bank (NYCB), which had been assigned the mortgages, before preparing the closing statements (which typically set forth the payoff amounts) and by directing the purchasers to pay a party named Michael Lease, instead of NYCB. These allegations raise a reasonable inference of fraudulent intent on SBJ's part and justifiable reliance by the purchasers, and therefore state a claim for fraud against SBJ (see *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]).

The allegations of SBJ's involvement are sufficient to establish its actual knowledge of the fraud scheme, as well as its substantial assistance therein, and thus state an aiding and abetting fraud claim (see *Oster v Kirschner*, 77 AD3d 51, 55-56 [1st Dept 2010]). These allegations also state a claim for aiding and abetting Imagine's breach of fiduciary duty to Fidelity (see *Kaufman v Cohen*, 307 AD2d 113, 125-126 [1st Dept 2003]). In addition, they state a claim for aiding and abetting the conversion of funds by Empire and Imagine (see *Weisman, Celler, Spett & Modlin v Chadbourne & Parke*, 253 AD2d 721 [1st Dept 1998]).

According plaintiff the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we find that its allegations are sufficient to establish that Blomberg was acting as an escrow agent, rather than an attorney, at the time he breached the instructions provided by Wells Fargo, and therefore that the complaint states a claim for breach of contract in its fifth cause of action, as distinguished from its sixth cause of action for legal malpractice, which claim was dismissed on statue of limitations grounds. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.