■ TYT East Corp. et al., Plaintiffs, and Hui Sheng Lin, Appellant, v Michael Lam et al., Defendants, and David Gao et al., Respondents. David Gao et al., Third-Party Plaintiffs-

Respondents, et al., Third-Party Plaintiff, v Ji Xiong Ni et al., Third-Party Defendants, and Yan Zhuang et al., Third-Party Defendants-Appellants. [33 NYS3d 2]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 22, 2014, to the extent appealed from as limited by the briefs, awarding defendants/third-party plaintiffs David Gao and Chen Hua also known as Hua Chen (Chen) money damages against third-party defendants Yan Zhuang also known as Zhuang Yan and Park Regent 88628 LLC (Park Regent parties) and plaintiff Hui Sheng Lin (Lin), jointly and severally, and bringing up for review an order, same court and Justice, entered on or about August 5, 2014, which, inter alia, granted Gao's and Chen's motions for summary judgment against the Park Regent parties and a default judgment against Lin, granted Chen's motion for summary judgment on its counterclaims against Lin, and denied the Park Regent parties' and Lin's motions for summary judgment dismissing the third-party claims against them, unanimously reversed, on the law, the judgment as against the Park Regent parties and Lin vacated, Gao's and Chen's motions denied, and the Park Regent parties' motion for summary judgment dismissing the third-party claims against them granted except for the claim related to the $200,000 in payments from plaintiff TYT East Corp. (TYT) to Park Regent, and otherwise affirmed, without costs.

Gao and Chen allege that they were defrauded into investing in plaintiff TYT, an entity that has since filed for bankruptcy. TYT operated businesses, including plaintiff Jin Hua Restaurant, Inc. (JHR), in a net-leased building at 35-37 East Broadway, in Chinatown. The building was subsequently forfeited to the federal government due to illegal gambling activity. Plaintiff Fen Zheng, and third-party defendants Ji Xiong Ni and Lili Ni, are alleged to have looted TYT and JHR and to have operated the companies for their own personal and illegal purposes without regard to corporate formalities.

In 2010, TYT sued Gao and Chen, who had invested over $800,000 in the companies. Gao and Chen answered and interposed counterclaims alleging, inter alia, that the "individual plaintiffs" (including plaintiff Hui Sheng Lin) conducted

the businesses of TYT and JHR solely for their own benefit and conveyed assets of TYT and JHR to themselves or entities under their control.

On May 16, 2012, Gao and Chen commenced a third-party action against Ni, the Park Regent parties, and others, alleging fraud and breaches of fiduciary duty and seeking a return of their investments. Gao and Chen alleged, inter alia, that Ni diverted TYT funds to Park Regent. Gao and Chen alleged that improper payments to Park Regent orchestrated by Ni were falsely recorded on the books of TYT as "repayment for a loan by Park Regent to TYT." Gao and Chen alleged that no such "loan" had taken place.

In February 2014, the Park Regent parties moved for summary judgment dismissing the third-party claims against them. They argued that Gao and Chen "lump[ed] all of the [t]hird-[p]arty [d]efendants together with absolutely no facts or evidence that they were working together or in concert." The Park Regent parties argued that the record was devoid of evidence establishing that they exercised unauthorized dominion over property owned by Gao or Chen. Even assuming, arguendo, a breach of fiduciary duty by Ni, they asserted there was no evidence in the record to suggest that the Park Regent parties knowingly induced or participated in said breach. They relied on a promissory note, produced for the first time on the motion, evidencing a debt between TYT and Park Regent that would account for $200,000 in payments from TYT to Park Regent.

Gao moved for a default judgment against all of the plaintiffs except TYT, and for summary judgment, inter alia, on the second, eighth and ninth causes of action in the third-party complaint as against Park Regent. (Gao's motion was not directed toward Zhuang Yan.) Gao asserted that third-party defendants had made inconsistent statements concerning money exchanged between TYT and Park Regent, referring to the monies as an "investment," at times, and at other times alleging the monies to be "loans."

Chen moved for, among other things, a default judgment against all of the plaintiffs except TYT, and for summary judgment on his remaining third-party claims and counterclaims, to the extent not already discontinued.

Lin opposed Gao's motion for a default judgment and made a cross motion for summary judgment dismissing any claims in the third-party complaint that might be construed against him. He did not move to dismiss the counterclaims asserted against him in the main action.

The motion court granted the motions of Gao and Chen, and denied the motion by the Park Regent parties and the cross motion by Lin. The court noted that Lin and the Park Regent parties were in default going into the motion, since they willfully and contumaciously disregarded their discovery obligations, including express directives to produce all documents reflecting loans made by TYT and Zhuang. The court reasoned that denial of their motions was warranted on that ground alone.

The court stated that Lin and the Park Regent parties "cannot now rely on a supposedly game-changing financial document that they egregiously withheld in violation of numerous court orders." The court nonetheless observed that the note purported to evidence a debt between Yan Zhuang and Ni, not TYT, only bolstering the notion that Ni and TYT had disregarded corporate formalities: "[B]y averring that the Note . . . evidences a TYT corporate debt, the Park Regent Parties implicitly concede that there is no real difference between TYT and Ni (a fact that the unrebutted evidence firmly proves). Hence, even if the Note were considered despite the discussed discovery abuses, it would be the nail in the coffin on Gao and Chen's veil piercing claims."

The motion court erred in granting summary judgment to Gao and Chen on their third-party claims against the Park Regent parties. While the court properly declined to consider as evidence a copy of the promissory note,[1] which the Park Regent parties produced in an untimely manner, issues of fact concerning the $200,000 in payments from TYT to Park Regent are presented by other record evidence, including affidavits and deposition testimony claiming that there was such a loan. Yan Zhuang averred that on October 5, 2008, she purchased 10 shares of TYT for $200,000. She also averred that on October 14, 2008, she lent $200,000 to TYT, a debt she thereafter assigned to Park Regent. Ni testified that the $200,000 in payments constituted a partial return of an investment, before clarifying that the payments were on account of a loan.

As to the other third-party claims against the Park Regent parties, there is no evidence to support those claims, and they should be dismissed. There are no specific allegations of, and the record does not contain any other evidence with respect to wrongdoing by the Park Regent parties. Indeed, there is no evidence that Zhuang ever controlled or conducted the actions

---

1. The note appears to be signed by Ni on behalf of TYT, undermining the motion court's characterization of the note as the "nail in the coffin" on third-party plaintiffs' veil piercing claims.

of TYT or JHR, or otherwise participated in the conveyance of corporate assets. Nor is there evidence that Zhuang otherwise aided and abetted any wrongdoing of Ni (see *Kaufman v Cohen*, 307 AD2d 113, 125-126 [1st Dept 2003]). Accordingly, the third-party claims, apart from the claim as to the $200,000 in payments, should have been dismissed with respect to the Park Regent parties.

Lin cross-moved for summary judgment dismissing the third-party claims to the extent they might be construed against him. However, Gao and Chen did not assert any third-party claims against Lin, and thus they cannot be construed against him. The only claims asserted against Lin were the counter-claims asserted by Gao and Chen in the main action. Lin did not move for summary judgment on those counterclaims. Accordingly, the court correctly denied Lin's motion for summary judgment.

The court erroneously granted Chen's motion seeking summary judgment on the counterclaims against Lin.[2] As with the Park Regent parties, the evidence did not establish that Lin participated in any alleged misappropriation of TYT assets. Assuming the counterclaim allegations might be construed to cover the claim pertaining to the alleged improper transfer of funds from TYT to Park Regent—which implicates Lin to the extent he is alleged to have been a principal of Park Regent—issues of fact exist concerning Lin's relationship with Park Regent so as to preclude summary judgment on the narrow claim regarding the $200,000 transfer of funds between TYT and Park Regent.[3]

As to the default judgment against Lin, in September 2013, the court issued a compliance order stating that the failure of certain parties, including Lin, to turn over responsive documents by October 31, 2013 and participate in a telephone conference on November 4, 2013 would result in a default judgment. On October 28, 2013, Lin, who was then acting pro se, produced a single document, claiming that he had no other responsive documents in his possession, but failed to appear for the November 4, 2013 telephone conference. We find that the court abused its discretion in imposing the harsh sanction of default against a pro se litigant who did not clearly defy both prongs of the compliance order.

---

2. As noted, supra at 4, Gao did not move for summary judgment on the counterclaims against Lin. He instead moved for, among other things, entry of a default judgment against plaintiffs, excepting TYT.

3. While the third-party answers of Park Regent and Zhuang admitted that Lin was a principal of Park Regent, the record also contains Lin's sworn statement that this admission was in error and that he was not a principal.

We have considered and rejected the parties' remaining arguments. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ. 