Malta v Gaudio (2018 NY Slip Op 07959)





Malta v Gaudio


2018 NY Slip Op 07959


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7676 653647/15

[*1]Robert Malta, et al., Plaintiffs-Appellants,
v
Salvatore Gaudio, et al., Defendants-Respondents.


Catafago Fini, LLP, New York (Jacques Catafago of counsel), for appellants.
Robinson Brog Leinwand Greene Genovese & Gluck P.C., New York (William A. Rome of counsel), for Salvatore Gaudio and A & L 444 LLC, respondents.
D'Agostino, Levine, Landesman & Lederman, LLP, New York (Bruce H. Lederman of counsel), for 444 Park Avenue South Associates LLC, David Moinian and Moin Development Corp., respondents.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered August 26, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the first, second, fourth, fifth, and seventh causes of action, unanimously affirmed, with costs.
Plaintiff Robert Malta and defendant Salvatore Gaudio are former business partners who owned companies for the purpose of investing in real estate in Manhattan. The first, second, and fourth causes of action (for breach of contract and a declaratory judgment) stem from Malta's and Gaudio's attempt to allocate between themselves the properties owned through one of these companies, and particularly from Gaudio's failure to disclose that one such property, located at 1420 Second Avenue, was subject to a commercial lease.
The breach of contract and declaratory judgment causes of action were correctly dismissed because it is clear from the plain text of the relevant agreement that the lease did not constitute an "Encumbrance" that was required to be disclosed (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]). Indeed, no other leases were disclosed as "Encumbrances." Contrary to plaintiffs' contention, the "Mortgage, Assignment of Leases and Rents, and Security Agreement" listed on Schedule 1 of the agreement is not a lease but a form of mortgage (see 1180 Anderson Ave. Realty Corp. v Mina Equities Corp., 95 AD2d 169, 172-174 [1st Dept 1983]; Poughkeepsie Sav. Bank v Sloane Mfg. Co., 84 AD2d 212, 214-18 [2d Dept 1981]).
The fifth and seventh causes of action (for breach of fiduciary duty and aiding and abetting breach of fiduciary duty) stem from the sale of plaintiffs' interests in property located at 444 Park Avenue, and particularly from defendants' alleged failure to disclose and/or misrepresentations regarding an opportunity to develop that property as a hotel.
The breach of fiduciary duty cause of action was correctly dismissed because it is barred by the release provision in the settlement agreement executed by the parties several months after the sale. This release is very broad, applying to all claims against Gaudio, "whether known or unknown," and not excepting claims arising out of the 444 Park sale. Malta, a sophisticated principal represented by independent counsel, admitted in a separate action that he "no longer trusted Gaudio" at least one month before the sale's closing, and thus was able to and did release Gaudio from claims based on fiduciary duty (see Pappas v Tzolis, 20 NY3d 228, 232 [2012]).
The dismissal of the breach of fiduciary duty cause of action is dispositive of the aiding [*2]and abetting breach of fiduciary duty cause of action (see Kaufman v Cohen, 307 AD2d 113, 125 [1st Dept 2003]).
We decline to award sanctions against plaintiffs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK