Wimbledon Fin. Master Fund, Ltd. v Hallac (2021 NY Slip Op 01881)





Wimbledon Fin. Master Fund, Ltd. v Hallac


2021 NY Slip Op 01881


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 652769/18 Appeal No. 13417 Case No. 2020-01573 

[*1]Wimbledon Financing Master Fund, Ltd., Plaintiff-Appellant,
v
Albert Hallac, Defendant, Katten Muchin Rosenman LLP, Defendant-Respondent.


Kaplan Rice LLP, New York (Michelle Rice of counsel), for appellant.
Zukerman Gore Brandeis & Crossman LLP, New York (Ted Poretz of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered November 4, 2019, which granted defendant Katten Muchin Rosenman LLP's motion to dismiss the first and second causes of action pursuant to CPLR 3211(a)(5), unanimously modified, on the law, to deny the motion except to the extent the causes of action are based on Katten's alleged concealment of its malpractice and failure to disclose its conflicts of interest, and otherwise affirmed, without costs.
Katten contends that plaintiff's claims are time-barred because the notice that plaintiff served with its summons failed to comply with CPLR 305(b) and it thus did not properly commence this action. This argument is unavailing because the notice adequately "stat[es] the nature of the action" (CPLR 305[b]; see Pilla v La Flor De Mayo Express, 191 AD2d 224 [1st Dept 1993] ).
The first and second causes of action — for aiding and abetting fraud and breach of fiduciary duty, respectively — are not time-barred malpractice claims in disguise (see e.g. Johnson v Proskauer Rose LLP, 129 AD3d 59, 68, 70 [1st Dept 2015]; Mitschele v Schultz, 36 AD3d 249, 255 [1st Dept 2006]). The essence of these claims is not negligence or "a failure to utilize reasonable care" (Matter of R.M. Kliment & Frances Halband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 541 [2004] [quoting legislative history of CPLR 214(6)]); rather, plaintiff alleges intentional acts. However, to the extent the first and second causes of action are based on Katten's concealment of its malpractice and failure to disclose its conflicts of interest, they were correctly dismissed (see e.g. Brean Murray, Carret & Co. v Morrison & Foerster LLP, 165 AD3d 582, 583 [1st Dept 2018]; Access Point Med., LLC v Mandell, 106 AD3d 40, 44 [1st Dept 2013]).
Katten contends that even if the claim for aiding and abetting breach of fiduciary duty is taken at face value, the statute of limitations is three years because plaintiff seeks damages, not equitable relief (see Kaufman v Cohen, 307 AD2d 113, 118 [1st Dept 2003]). However, "a cause of action for breach of fiduciary duty based on allegations of actual fraud is subject to a six-year limitations period" (id. at 120). Plaintiff's claim against defendant Albert Hallac for breach of fiduciary duty is based on allegations of actual fraud; hence, the statute of limitations for the claim against Katten for aiding and abetting Hallac's breach of fiduciary duty is six years.
Katten concedes that the last act relevant to aiding and abetting breach of fiduciary duty occurred in July 2012. Since this lawsuit was commenced in June 2018, the second cause of action is timely.
The first cause of action (aiding and abetting fraud) is timely due to the continuing wrong doctrine (see Palmeri v Willkie Farr & Gallagher LLP, 156 AD3d 564, 568 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021