**NORTH AMERICAN COMMUNICATIONS, INC., Plaintiff,**

v.

**INFOPRINT SOLUTIONS COMPANY, LLC, International Business Machines Corporation, and IBM Credit LLC, Defendants.**

**Civil Action No. 3:08–288.**

United States District Court,
W.D. Pennsylvania.

Aug. 3, 2011.

Robert J. Tribeck, Rhoads & Sinon LLP, Harrisburg, PA, for Plaintiff.

Robert N. Feltoon, Conrad O'Brien, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER OF COURT

GIBSON, District Judge.

### I. SYNOPSIS

This matter comes before the Court on Defendant International Business Machine Corporation's Motion to Dismiss the Third Amended Complaint (the "Motion to Dismiss") (Doc. No. 62), pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Plaintiff opposes the Motion to Dismiss. Doc. No. 68. For the reasons that follow, the Motion to Dismiss is **DENIED.**

### II. BACKGROUND

This case arises out of Plaintiff's lease of two (2) high speed copier machines/printers (the "Machines" or the "Printers"), manufactured by Defendant International Business Machines Corporation ("Defendant IBM" or "Defendant") and rented/leased by Plaintiff, and with the related finance and maintenance contracts entered into by Plaintiff and former Defendants IBM Credit and InfoPrint Solutions, respectively. Doc. 31–2 at 3. There are 3 written contracts which are at the heart of this dispute:

1) A contract between Plaintiff and Defendant International Business Machines Corporation, entitled "IBM Customer Agreement" (the "Customer Agreement"), dated July 17, 2006 (Doc. 31–2, Exhibit A);

2) A contract between Plaintiff and Defendant IBM Credit, entitled "Term Lease Master Agreement" (the "Finance Agreement"), dated July 17, 2006 (Doc. 31–2, Exhibit B);  and

3) An agreement for service of IBM machines/software, comprised of a "Schedule for ServiceElite", a "Master Services Attachment for ServiceElite", and a "Change Authorization for ServiceElite" (the "Service Agreement") (Doc. 31–2, Exhibit C). Each of the subparts of this document is signed by Plaintiff's representative. A signature block also appears for Defendant IBM Corporation, although no signature is present. The parties have acknowledged that IBM Corporation's "business partner", former Defendant InfoPrint, was a party to this contract.

Plaintiff's Second Amended Complaint ("SAC") alleged that the Machines failed to function properly at any point after their delivery and installation. Doc. 31–1 at 5. Plaintiff further alleged in the SAC that Defendants knew the usage intended by Plaintiff, specifically the need to be able to run Magnetic Ink Character Recognition ("MICR") software (Doc. 31–1 at 5), and that the Machines never met their intended usage. Doc. 31–1 at 4. Plaintiff has alleged and continues to allege that as a result of Defendants' "material breach" of contract, it has been deprived of the usage and value of the machines. Doc. 31–1 at 4–6. In its Second Amended Complaint ("SAC"), Plaintiff alleged breach of

contract by Defendants IBM and Info-Print, and breach of warranty by Defendant IBM. Doc. 31–1 at 4–6. Plaintiff also requested that this Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 et. seq. Doc. 31–1 at 11. Lastly, Plaintiff sought rescission of contract and a resulting entitlement to recovery of lease payments to date, consequential and incidental damages, and reasonable attorney's fees. Doc. 31–1 at 12.

On January 13, 2011, this Court entered a "Memorandum and Order of Court", 817 F.Supp.2d 623, 2011 WL 4634201 (W.D.Pa. 2011) (Doc. No. 58) which granted Defendants' Motion to Dismiss: the Defendants' Motion was granted with prejudice as to Defendants IBM Credit and InfoPrint Solutions, and granted without prejudice as to Defendant IBM Corporation, with leave for Plaintiff to re-file against the latter within ten (10) days *if* Plaintiff believed in good faith that there was a valid basis for a claim of fraudulent concealment.[1]

On January 21, 2011, the Plaintiff filed its Third Amended Complaint ("TAC") (Doc. No. 59), in which the Plaintiff attempts to establish the basic elements of a fraudulent concealment charge against Defendant IBM, as Plaintiff was given leave to do by this Court's Order of January 13, 2011.[2]

## III. JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1332. Venue is proper because the Plaintiff has its principal place of business in Duncansville, Blair County, Pennsylvania.

## IV. STANDARD OF REVIEW

### A. Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 8

Defendant IBM brought this motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Doc. 45. Rule 12(b)(6)'s requirement to state a claim upon which relief may be granted must be balanced with the requirements of Rule 8, which governs general pleading matters, and provides that "[a] pleading that states a claim for relief must contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8.

As noted in *Ashcroft v. Iqbal,* "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an un-adorned, the defendant-unlawfully-harmed-me accusa-

---

1. If there was such a basis to plead fraudulent concealment, and the charge was adequately stated in the complaint, this would allow the complaint to survive dismissal based on the Statute of Limitations defense argued by Defendants.

2. The TAC also reasserted Counts II and IV of the SAC against InfoPrint, which are for breach of contract and a request for declaratory judgment, respectively. Doc. No. 59. Plaintiff requested leave to do so in its Motion for Reconsideration, arguing that new facts, which were not previously available, have come to light since this Court's Order of January 13, 2011 and reconsideration was necessary to prevent a manifest injustice. Doc. No.

60 at 2. The Motion for Reconsideration was denied. Doc. No, 73. Therefore, these claims are no longer active.

> In addition, Plaintiff has reiterated in the TAC its complaints against former Defendant IBM Credit, LLC ("IBM Credit"): Plaintiff has clarified that its purpose in so doing, despite this Court's dismissal of those claims with prejudice, is to preserve these claims for appeal; however, Plaintiff has not asked this Court for reconsideration of its dismissal with prejudice as to former Defendant IBM Credit. Doc. No. 59, p. 14, fn. 2; Doc. Nos. 60 and 61. Therefore, the claims against former Defendant IBM Credit are also dismissed.

tion. [*internal citations omitted*]. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*citations omitted*]. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 883 (2009); *quoting and citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 544, 555 & 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The factual content of a facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. The Court is not required to assume the truth of *legal* conclusions, however. *Id.*

As elucidated in *Ashcroft v. Iqbal,*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*internal citations omitted*]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*internal citations omitted*]. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [*internal citations omitted*]. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'' [*internal citations omitted*]. Two working principles underlie [the Supreme Court's] decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks

a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. [*internal citation omitted*]. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [*internal citations omitted*]. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint is alleged—but it has not 'show[n]' 'that the pleader is entitled to relief.' . . . [Further, w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. 662, 678–80, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868, 883 (2009); *citing Twombly* at 555–56, 127 S.Ct. 1955; *also citing* Fed. R. Civ. Proc. 8(a)(2); *also citing Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007).

As summarized by the Western District of New York, "[w]hen ruling on a motion to dismiss for failure to state a claim pursuant to FRCvP 12(b)(6), the Court must take 'as true the facts alleged in the complaint and [draw] all reasonable inferences in the plaintiff's favor.' [*internal citations omitted*]." *Bhandari v. Bittner et al.,* 2004 U.S. Dist. LEXIS 29356, *6–*7, 2004 WL 2284582, *2 (W.D.N.Y.2004); *quoting Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., Inc.,* 32 F.3d 697, 699–700 (2d Cir.1994); *additional citation omitted.*

Thus, "the relevant question is whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1959, 173 L.Ed.2d 868 (U.S.2009). *See also Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85–86 (1957).[3]

## B. Fed.R.Civ.P. 9

■ Rule 9 of the Federal Rules of Civil Procedure sets the pleading standard for claims of fraud, and also must be read in conjunction with Rule 8. Rule 9(b) states as follows:

> Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

USCS Fed Rules Civ. Proc. R 9. *See also U.S. ex rel., Dilbagh Singh, M.D., et al. v. Bradford Regional Medical Center, et al.*, 2006 U.S. Dist. LEXIS 65268, *6, 2006 WL 2642518, *2 (W.D.Pa.2006) ("Rule 9(b) is read in conjunction with Rule 8"). As the Third Circuit has explained, "[a] party must allege facts 'which will enable the court to draw an inference of fraud,' and allegations in the form of conclusions or impermissible speculation as to the existence of fraud are insufficient." *Alvarez v. Ins. Co. of N. Am.*, 313 Fed.Appx. 465, 467–468 (3d Cir.2008).

■ The Third Circuit has noted that fraud under 9(b) has its roots in common law, and as such has the same five elements as in traditional common law: 1) a specific false representation of material facts; 2) knowledge of its falsity by the person who made it; 3) ignorance of its falsity on the part of the person to whom it was made; 4) an intention by the person who made it that it should be acted or relied upon; 5) that the plaintiff acted or relied upon it, causing him damage. *Constantin Christidis, Ind. on Behalf of Himself and All Others Similarly Situated v. First Pennsylvania Mortgage Trust et al.*, 717 F.2d 96 (3d Cir.1983) (finding that the complaint in question failed to plead knowledge on the part of the person allegedly perpetrating fraud). In addition, "[a]lthough the elements of fraud must be pleaded with particularity, intent may be alleged generally. [*internal citations omitted*]." *Alvarez v. Ins. Co. of N. Am.*, 313 Fed.Appx. 465, 467–468 (3d Cir.2008).

■ In order to satisfy Federal Rules of Civil Procedure, Rule 9, the complaint must " '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' " *Bhandari v. Bittner, et al.*, 2004 U.S. Dist. LEXIS 29356, 2004 WL 2284582 (W.D.N.Y.2004); *quoting United States of America v. Erie County Med. Ctr.*, 2002

---

**3.** "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

U.S. Dist. LEXIS 22673, 2002 WL 31655004, *7 (W.D.N.Y.2002).

In *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* the Third Circuit explained the purpose of Rule 9: "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." 742 F.2d 786, 791 (3d Cir.1984). The method by which this purpose may be fulfilled is not proscribed—rather, the complaint may accomplish sufficient particularity in a variety of ways. *See Seville* at 791. ("It is certainly true that allegations of 'date, place or time' fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud."); *see also Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 658 (3d Cir.1998) ("[P]laintiffs must plead with particularity the circumstances of the alleged fraud. They need not, however, plead the date, place or time of the fraud, so long as they use an alternative means of injecting precision and some measure of substantiation into their allegations of fraud."); *quoted by United States ex rel. John Underwood, et al. v. Genentech, Inc., et al.,* 720 F.Supp.2d 671 (E.D.Pa.2010); *see also United States DOT ex rel. Arnold v. CMC Eng'g,* 745 F.Supp.2d 637, 641 (W.D.Pa.2010) ("Rule 9(b) can be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into the fraud allegations."); *citing Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.,* 296 F.3d 164, 173 n. 10 (3d Cir.2002); *see also United States ex rel. Singh v. Bradford Regional Medical Ctr.,* 2006 U.S. Dist. LEXIS 65268, *12, 2006 WL 2642518, *4 (W.D.Pa. 2006) ("Other courts presented with fraud schemes similar to the scheme alleged in the present case have also concluded that Rule 9(b) is satisfied without requiring specific identification of claims.").

Indeed, the Third Circuit has held that Courts must be wary of applying the particularity requirement too strictly, but rather should remember that the Rules of Civil Procedure are intended to be flexible. *See Christidis v. First Pennsylvania Mortg. Trust,* 717 F.2d 96, 99–100 (3d Cir. 1983) ("In applying the first sentence of Rule 9(b) courts must be sensitive to the fact that its application, prior to discovery, may permit sophisticated defrauders to successfully conceal the details of their fraud. Moreover, in applying the rule, focusing exclusively on its 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.' "); *quoting* 5 C. Wright & A. Miller, *Federal Practice and Procedure,* Para. 1298 at 407 (1969); *see also Seville* at 791 ("Plaintiffs are free to use alternative means [other than the date, place and/or time] of injecting precision and some measure of substantiation into their allegations of fraud.... The complaint sets forth the nature of the alleged misrepresentations, and while it does not describe the precise words used, each allegation of fraud adequately describes the nature and subject of the alleged misrepresentation."),

## V. DISCUSSION

Plaintiff argues that it "promptly filed suit on December 17, 2008. This is nearly a year before the date that the statute of limitations would have expired when measured from the date [that] ... Defendants admitted to North American ... that the Printers were defective [on August 29, 2007]." Doc. 68 at 13. As explained in this Court's Order of January 13, 2011, the date that the Plaintiff was informed by

Defendant InfoPrint of the defects is irrelevant, due to the Repair Doctrine. *See* Doc. No. 58. However, what is at issue here is whether or not the statute of limitations should be tolled due to alleged fraud or fraudulent concealment by Defendant IBM of the Printers' inherent defects.

Defendant IBM argues that "[a]s to the time between when the printers first failed to perform in 2006 and the end of August 2007 ... NAC *never* claims that during that period of time, defendants knew the problem was incapable of being fixed and failed to so inform NAC." (*emphasis in filing*). Doc. No. 70–1 at 3. In other words, Defendant argues that the fraudulent concealment which Plaintiff believes is evidenced by newly-discovered emails dating in October, 2007 (*see* Doc. No. 60), is irrelevant even if true because Plaintiff admits to being made aware, on August 29, 2007, that the printers were defective; thus, Defendant IBM argues that the alleged fraudulent concealment which Plaintiff believes tolls the statute of limitations is irrelevant because even if it occurred, it did not occur until October, 2007, and at that point former Defendant InfoPrint had already concluded that its efforts to repair the printers were fruitless, and had informed Defendant InfoPrint that the printers were defective. Doc. No. 70–1. Thus, Defendant IBM argues that Plaintiff has not alleged fraudulent concealment for the period during which repairs were being attempted, July/August 2006 through August 29, 2007 (the "Repair Period"). Doc. No. 70–1. As such, Defendant argues that the Repair Doctrine, previously cited by this Court in its Order of January 13, 1011, which holds that a plaintiff's reliance upon promises to repair a product does not toll the statute of limitations, remains the applicable standard (in the absence of fraudulent concealment during the Repair Period), and therefore the statute of limitations ran out in July or August 2008, two years from the date of the installation of the printers. In short, Defendant's theory is that because Plaintiff was actually informed by former Defendant InfoPrint on August 29, 2007 of the failure of the printers, new email evidence from October 2007 which Plaintiff believes indicates an overall scheme of fraudulent concealment is irrelevant, because the alleged fraud did not occur until after the actual notice.

However, counting from the date of installation, the statute of limitations ran out in August 2008. Thus, the statute of limitations had not yet run out as of the date the newly-discovered emails were sent (which emails Plaintiff alleges demonstrate fraudulent concealment on the part of the Defendant of inherent defects/problems with the Printers). Further, Defendant's position, while well-taken, does not seem to accurately reflect the Plaintiff's argument: Plaintiff *is* alleging that the attempts to repair the printers up until August 29, 2007 were done with knowledge on the part of the Defendants that the printers could not be fixed;

> IBM and InfoPrint concealed the hidden defects in the Printers by continuing to attempt to repair the machines so as to temporarily permit the Machines to print MICR. IBM and InfoPrint knew that they had no permanent fix for the Machines, yet falsely represented to North American that the problems could and would be fixed.

Doc. No. 68 at 8. Whether or not Plaintiff will be able to support these allegations with evidence remains to be seen, however Plaintiff has made sufficient allegations of fraud such that its complaint survives the instant Motion to Dismiss.

As summarized by the Southern District of New York, "[t]o state a common law fraud claim in New York, a plaintiff must allege that (1) the defendant made a material false representation; (2) the defendant intended to defraud the plaintiff

thereby; (3) the plaintiff reasonably relied upon the representation; and (4) the plaintiff suffered damage as a result of such reliance. [*internal citations omitted*]. 'Alternatively, instead of an affirmative misrepresentation, a fraud cause of action may be predicated on acts of concealment where the defendant had a duty to disclose material information.'" *GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F.Supp.2d 308, 332 (S.D.N.Y.2009); *citing Banque Arabe et Internationale D'Investissement v. Md. Nat. Bank*, 57 F.3d 146, 153 (2d Cir.1995); *also citing Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 165 (App.Div.2003); *also citing Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112, 123 (2d Cir.1984).

■ Similarly, in order for a Plaintiff to plead fraudulent concealment, such that the statute of limitations may be tolled, the Plaintiff "must show that: (1) defendants engaged in a course of conduct to conceal evidence of their alleged wrongdoing; and (2) plaintiffs failed to discover the facts giving rise to their claims despite their exercise of due diligence.... Stated differently, equitable tolling is permitted 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' ... Tolling does not apply, however, simply because plaintiffs did not or could not have discovered the facts giving rise to their claims within the statute of limitations period." *Coveal et al. v. Consumer Home Mortgage, Inc., et al.*, 2005 U.S. Dist. LEXIS 5003, *12–13, 2005 WL 704835, *4 (E.D.N.Y.2005); *see also Hinds County, Mississippi v. Wachovia Bank, et al.*, 620 F.Supp.2d 499 (S.D.N.Y.2009) ("The fraudulent concealment factors have also been described as: '(1) wrongful concealment by defendants [2] which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing discovery of the

claim.'"); *quoting National Group for Commc'ns & Computers, Ltd. v. Lucent Techs., Inc.*, 420 F.Supp.2d 253, 265, 265 n. 15 (S.D.N.Y.2006).

■ This Court finds that Plaintiff has plead fraudulent concealment in the TAC with sufficient particularity to survive a motion to dismiss at the pleading stage. For instance, Plaintiff successfully alleges its own diligence in the TAC by asserting that it repeatedly inquired of Defendant IBM and former Defendant InfoPrint why the Printers were not working properly, and was told repeatedly that the "problem was fixable and would indeed be permanently fixed by IBM and/or InfoPrint". Thus, Plaintiff is claiming that even though it exercised diligence in its inquiries as to why the printers were not consistently functioning, Defendant's claim that the printers could be repaired, and short periods of time where the Printers temporarily functioned, essentially thwarted its due diligence efforts. Doc. No. 59 at 7. Plaintiff also alleges, for example, that "IBM and InfoPrint concealed the hidden defects in the Printers by continuing to attempt to repair the Machines so as to temporarily permit the Machines to print MICR. IBM and InfoPrint knew that they had no permanent fix for the Machines, yet falsely represented to North American that the problems could and would be fixed." Doc. No. 59 at 8–9. The TAC also alleges intent (on the part of all of the originally named Defendants), damage suffered by the plaintiff, and a duty to disclose the defective nature of the Machines. In short, the Plaintiff has pled all the necessary elements of fraud such that the TAC will survive Defendant IBM's Motion to Dismiss. Whether or not the elements pled will be adequately supported by the facts at the summary judgment or trial stage remains to be seen, and we do not

herein offer a forecast on the ultimate conclusion of this case.

■ In addition, Plaintiff is correct in its argument that "issues of fact raised by fraudulent concealment claims are not appropriately resolved on a motion to dismiss." [*emphasis omitted*]. Doc. No. 68 at 10; *citing Fuji Photo Film U.S.A., Inc. v. McNulty*, 640 F.Supp.2d 300, 321 (S.D.N.Y.2009).

Generally, the granting of a motion to dismiss is not appropriate where the Plaintiff has pled fraudulent concealment and asserted its due diligence or reasons for the lack thereof. *See, e.g., Precision Assocs. v. Panalpina World Transp.*, 2011 U.S. Dist. LEXIS 51330, 183–184 (E.D.N.Y. Jan. 4, 2011) ("the question of diligence for purposes of fraudulent concealment is better left for the summary judgment stage or the finder of fact at trial."); *see also Hinds County v. Wachovia Bank N.A.*, 700 F.Supp.2d 378, 400 (S.D.N.Y.2010) ("To survive a motion to dismiss, plaintiffs need only plead, not prove, fraudulent concealment. [*internal citations omitted*]. Resolution of a claim of fraudulent concealment so as to toll the statute of limitations is 'intimately bound up with the facts of the case' and is thus not properly decided on a motion to dismiss. [*internal citations omitted*]. Nonetheless, that fraudulent concealment is not finally resolvable on a motion to dismiss does not 'excuse plaintiffs from pleading the circumstances surrounding their diligence or lack thereof.'").

As neatly summarized by the Western District of New York, there is a tension between the requirement to plead with particularity and the desire to avoid unnecessary maligning of reputations by frivolous lawsuits, on the one hand, and the recognition that in cases of fraud, facts or documentation are often at the exclusive control of the defendant:

FRCvP 9(b) provides that, 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.' To satisfy FRCvP 9(b), the Amended Complaint must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' [*internal citations omitted*]. FRCvP 9(b) is based on a need to provide a defendant with fair notice of the basis of a plaintiff's claim so as to protect a defendant's reputation from groundless accusations of fraud and to prevent strike suits brought for settlement value; therefore, plaintiff is required to reveal the specified information within his control. [*internal citations omitted*]. On the other hand, FRCvP 9(b) is relaxed when the plaintiff is not likely to have access to more specific information until after discovery because the information is exclusively within defendant's knowledge.

*Bhandari v. Bittner*, 2004 U.S. Dist. LEXIS 29356, *7–9, 2004 WL 2284582, *2 (W.D.N.Y.2004); *citing United States of Am. v. Erie County Med. Ctr.*, 2002 U.S. Dist. LEXIS 22673, 2002 WL 31655004, *7 (W.D.N.Y.2002); *also citing Corcoran v. Am. Plan Corp.*, 1987 U.S. Dist. LEXIS 14171, 1987 WL 4448, *4 (E.D.N.Y.1987); *Nugent v. Searle Pharm., Inc.*, 1987 WL 15328, *1 (W.D.N.Y.1987); *also citing Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1050–51 (7th Cir.1998); *also citing Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir.1988).

This Court concludes, as did the court in *Bhandari*, that "[i]n this case, plaintiff has alleged circumstances of fraud with particularity as to information within his control and the rule is relaxed as to matters exclusively within defendants' knowledge."

## VI.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. No. 62) is **DENIED.**  An appropriate order follows.

### *ORDER*

**AND NOW,** this 2nd day of August, 2011, this matter coming before the Court on Plaintiff's Motion to Dismiss the Third Amended Complaint (Doc. No. 62), **IT IS HEREBY ORDERED** that the Defendant's Motion is **DENIED,** for the reasons stated in the foregoing memorandum.